## OAKES *v.* MASE.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH
CIRCUIT.

No. 182.  Submitted January 28, 1897. — Decided February 15, 1897.

It is settled law in this court that the relation of fellow-servants exists between an engineer operating a locomotive on one train and the conductor on another train on the same road.

THE case is stated in the opinion.

*Mr. C. W. Bunn* for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

The defendant in error, who was plaintiff in the trial court, sued to recover damages caused by an injury, resulting in the death of her intestate, whilst serving as an engineer on an engine of the defendant company in the State of Montana. After the cause was put at issue a jury was waived by a written stipulation, and it was submitted to the court for judgment on an agreed statement of facts. The facts stated established that the accident was caused by a switch negligently left open by the conductor of another train on the same road. The trial court, considering that the engineer on one train was not a fellow-servant of the conductor on another train of the same road, gave judgment for the sum of the damage, which was fixed in the statement of facts. On error to the trial court the Circuit Court of Appeals for the Eighth Circuit, although holding that the relation between the engineer on one train and the conductor on another was that of a fellow-servant, yet affirmed the judgment on the ground that, by the statute law of Montana, the common law rule as to the relation of master and servant was modified, hence the liability existed. The statute referred to

is found in the Compiled Statutes of the State of Montana of 1887, and reads as follows:

"SECTION 697. That in every case the liability of the corporation to a servant or employé, acting under the orders of his superior, shall be the same in case of injury sustained by default or wrongful act of his superior, or to an employé not appointed or controlled by him, as if such servant or employé were a passenger."

Pending this writ of error prosecuted to the judgment of affirmance rendered by the Circuit Court of Appeals, the validity of the statute of Montana upon which that court based its decree was drawn in question before the Supreme Court of the State of Montana, where it was held that the statute was void under the constitution of the State because it applied only to domestic corporations, and therefore operated a discrimination against such corporations. *Crisswell* v. *Montana Central Railway Co.*, 44 Pac. Rep. 525. As this ruling of the court of last resort of the State of Montana, interpreting the constitution and laws of that State, is binding here, the sole ground upon which the Circuit Court of Appeals rested its judgment is destroyed and the only question remaining is, did the relation of fellow-servant exist between an engineer operating a locomotive on one train and the conductor on another train of the same road? That such relation did exist is no longer an open question in this court. *Northern Pacific Railroad* v. *Hambly*, 154 U. S. 349; *Northern Pacific Railroad* v. *Charless*, 162 U. S. 359; *Northern Pacific Railroad* v. *Peterson*, 162 U. S. 346; *Central Railroad Company* v. *Keegan*, 160 U. S. 259.

It follows, necessarily, that the judgment must be

*Reversed, and ordered that judgment be entered in favor of defendants.*

MR. JUSTICE HARLAN dissented.