LOHMEYER, Respondent, v. ST. LOUIS CORDAGE
COMPANY, Appellant.

St. Louis Court of Appeals. Submitted  March 29, 1909.   Opinion
filed May 11, 1909.

1. MASTER AND SERVANT: Guarding Machinery: Injuries to
   Servant.  The facts in this case are fully set out in the opinion
   in a former suit for the same injuries brought in the Federal
   Court, which case is reported in 126 Fed. Rep. at page 495,
   St. Louis Cordage Co. v. Miller.  The law of the case is
   expressed in the dissenting opinion there reported.

2. ———: ———: Instructions: Jury Questions.  In an action for
   injuries received by the plaintiff while operating a machine
   as an employee of defendant, it was proper under the circum-
   stances of the case, to submit to the jury the questions, wheth-
   er the cogwheels of the machine, by which plaintiff was in-
   jured, were so placed as to be dangerous unless they were

guarded, and whether it was practicable to guard them without interfering with the proper working of the machine.

3. ———: ———: ———: **Ground Covered.** In such action instructions requested by the defendant were properly refused because they singled out particular facts for comment, and, so far as they were correct, the ground was covered by the instructions given.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Wm. H. and Davis Biggs* for appellant.

*Kinealy & Kinealy* for respondent.

The failure to guard this gearing was negligence on the part of appellant. Henderson v. Kansas City, 177 Mo. 477; Lore v. Am. Mfg. Co., 160 Mo. 608; Millsap v. Beggs, 122 Mo. App. 1; Stafford v. Adams, 113 Mo. App. 717; Blair v. Heibel, 103 Mo. App. 621; Land v. Railroad, 110 S. W. 614; Backenstoe v. Railroad, 23 Mo. App. 148; Bowman v. Railroad, 85 Mo. 533; Fisher v. Galloday, 38 Mo. App. 531. There is no evidence in this case tending to make out a case of assumption of risk. Chariton v. Railroad, 200 Mo. 413; Phippin v. Railroad, 196 Mo. 321; McGinnis v. Printing Co., 122 Mo. App. 227; Dakan v. Chase & Sons M. Co., 197 Mo. 238; Butz v. Construction Co., 199 Mo. 279; Stafford v. Adams, 113 Mo. App. 717.

STATEMENT.—By her petition in the case plaintiff, Mary Lohmeyer, formerly Mary Miller, avers that she was in the employ of the defendant, operating a machine for twisting and forming hemp and twine together; that the "machine had upon one end or side thereof certain gear or cogwheels, which, when the machine was in operation, revolved and worked into and against

137 App.—40

one another, and was known as a forming machine; that the gearing and cogwheels were so placed on said forming machine as to be dangerous to the person employed thereat or thereabouts while engaged in her ordinary duties, and could and should have been securely guarded or covered in order to make it safe for plaintiff to work thereat or thereabouts;" that there was a lever on the machine near the gearing and cogwheels which it was necessary for plaintiff to operate in order to start the machine running or to stop it after it had started; that on the day of the accident the gearing and cogwheels were entirely unprotected and without any covering and that plaintiff was required to work at and about the machine with the gearing and cogwheels so uncovered and unprotected and that while she was working and operating the machine her left hand, without any fault on her part, was caught in the gearing and cogwheels and the first and second fingers of her left hand so badly crushed and injured as to necessitate their amputation. Charging that the injuries received by her were the direct result of the negligence of the defendant, "in failing to guard or cover said gearing and cogwheels, and in providing an unsafe place for plaintiff to work, that is, at and about the machine with said gearing and cogwheels uncovered or unguarded," plaintiff demanded judgment for $1,950 for her injuries sustained.

There was a demurrer to this, on the ground that it failed to state facts sufficient to constitute a valid cause of action, which was overruled, and defendant answered, admitting that plaintiff was in its employ, averring that she then was and for sometime previous thereto had operated the machine for twisting hemp and twine together, admits she was injured but denies knowledge of the extent or nature of the injury, avers that the alleged defect in the machine was patent and known to plaintiff and the extra hazard by reason of the defect, if any, was obvious and readily appreciated and under-

stood by plaintiff, but that she had assumed any extra peril or hazard, if any, attending the use of the machine, and avers that the injury was caused by the negligence and carelessness of the plaintiff in operating the machine.

A reply denied generally this new matter in the answer.

Trial before the court and jury. At the conclusion of plaintiff's testimony, defendant interposed a demurrer, which was overruled, and, at the conclusion of all the testimony in the case, defendant asked an instruction in the nature of a demurrer, which was refused.

The court gave several instructions at the instance of plaintiff and of its own motion. The instructions complained of are numbered 1, 8, 9, 10, 11 and 12. Instruction No. 1, in substance, told the jury that if they believed that plaintiff, in the employ of the defendant, was required to operate the machine referred to, having upon one end or side, cogwheels which revolved when the machine was in operation, so placed on the machine as to be dangerous to the person operating it, unless they were guarded, and if they believed that it was practicable to safely guard the cogwheels without interfering with the proper working and operation of the machine, and that while plaintiff, in the performance of her duty, was operating the machine, the cogwheels were unguarded, and that because of that plaintiff's fingers became caught and were crushed in the cogwheels, and if they further believe, that at the time she was so hurt, plaintiff was exercising ordinary care for her own safety, and that the danger of operating the machine with the cogwheels unguarded was not so glaring and imminent that a person of ordinary prudence would have refused to operate the machine while said cogwheels were unguarded, and that the defendant knew, or by the exercise of ordinary care would have known of the unguarded condition of the cogwheels at the time she was hurt, and that it was dangerous to the person

working at the machine to operate it unless the cogwheels were guarded, then they should find for the plaintiff.

The eighth, ninth and tenth instructions were on what constituted ordinary care and as to the burthen of proof. The eleventh was as to the measure of damages, and the twelfth was the ordinary instruction to the effect that nine of the jurors concurring could find a verdict.

Defendant asked three instructions; the first to the effect that if the jury found from the evidence that the condition of the cogwheels on the machine was open and obvious and known to plaintiff, as also the fact that the cogwheels were unguarded, and that it was obviously dangerous for one to get close to the cogwheels, and that was known to plaintiff, the plaintiff, in accepting and continuing in employment which necessitated her going near the cogwheels, voluntarily assumed the risk of working near the same and could not recover. By the second, the court was asked to instruct the jury that if they believed from the evidence plaintiff could have operated the machine in a safe way by sitting down on the stool furnished by defendant, but instead of doing so, chose to operate the machine in a hazardous way by standing up, she was guilty of contributing negligence and could not recover. By the third instruction the court was asked to instruct the jury that even if they believed from the evidence that plaintiff's hand, just before she was injured, slipped from the machine and thereby was caught in the cogwheels, the fact of slipping in itself gave her no right of recovery. These three instructions were refused.

The jury returned a verdict in favor of plaintiff for the sum of $1,500, and defendant filed a motion for new trial, assigning, among other grounds, that the verdict was excessive. The court announced that the motion would be sustained unless the plaintiff remitted the sum of $500. The remittitur having been made,

the motion for new trial was overruled.   A motion in arrest was filed and overruled.   Exceptions being duly saved to all these matters, an appeal was granted, originally to the Supreme Court, defendant claiming that questions involving the construction of the Constitution of this State and of the United States were involved. Upon hearing before the Supreme Court, that tribunal, determining that constitutional questions were not involved which had not been previously settled by its decisions, beyond further controversy, there was nothing left in the case over which it had jurisdiction and it accordingly certified the case to this court.   The decision and opinion of the Supreme Court in the case is in 214 Mo. 685, 113 S. W. 1108.

It appears that a suit for these same injuries was originally brought by plaintiff, under her then name of Mary Miller, against this same defendant, which was removed to the United States Circuit Court of this circuit, whence, on a verdict in favor of plaintiff, it was taken on error to the Circuit Court of Appeals, where, two of the judges concurring, the judgment of the circuit court was reversed and the cause remanded, whereupon plaintiff dismissed her case in that court and brought it over in the State court, placing her damages at an amount below the jurisdiction of the United States Court.   The case is reported 126 Fed. 495, under the title "St. Louis Cordage Co. v. Miller."

REYNOLDS, P. J. (after stating the facts).—The facts in the case are so fully set out in the report of it in the 126 Fed., as those facts were developed at the trial in the United States Circuit Court, that it is not considered necessary to set them out here, it being sufficient to say that the evidence seems to have been practically the same at the trial in our State circuit court as when the case was tried in the United States Circuit Court.

The action is founded on section 6433, Revised Statutes 1899. The dissenting opinion of Judge THAYER, in St. Louis Cordage Co. v. Miller, in our opinion, is so entirely in line with the decisions of our Supreme and Appellate Courts that we can add nothing to a discussion of the question by attempting to elaborate upon that opinion. Furthermore, this court, in an opinion delivered by Judge GOODE, in the case of Strode v. Columbia Box Co., 124 Mo. App. 511, has examined the questions involved so thoroughly that we do not think it necessary to go into them here. While in the Strode case, Judge GOODE held that the machinery there complained of and by the breaking of which the accident occurred, was not so placed as to be dangerous to persons employed in connection with it, he very clearly points out cases in which under the statute, the machinery must be guarded as being dangerous in itself and in a dangerous position. The reasoning of the judge in that case is entirely applicable to this case, and we have here presented a case in which by the verdict of the jury it is determined that these cogwheels, unprotected, were dangerous and of such a nature as required—under the statute, that they be guarded.

Our Supreme Court, in Henderson v. Kansas City, 177 Mo. 477, held that the trial court did not err in submitting to the jury whether or not the fact that the machinery was not guarded with rails, as required by statute, contributed to plaintiff's injury. That issue was submitted in this case.

We think the first instruction given, which we have set out substantially as given, was correct and covered the whole case. There was no error in the instructions as to the measure of damages or as to what was meant by the weight of testimony, and the instructions as to the number of jurors required to concur in a verdict was passed on by the Supreme Court in this very case. The three instructions asked by the appellant were properly refused—their error lies in singling out particular facts,

in part, and furthermore as far as they were correct, they were covered by the instuction given at the instance of plaintiff. There was ample testimony in the case to sustain the verdict of the jury, in finding for the plaintiff, and the circuit judge, cutting the amount down as he did, has certainly gone as far as any court could be asked to do, considering the facts in the case and the injury to the plaintiff, in guarding against an award of an excessive amount in favor of plaintiff and against defendant.

We find no reversible error in the case and the judgment is affirmed. All concur.