## COLUMBIA BOX CO. v. SAUCIER.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1914.)

### No. 4004.

1. COURTS (§ 366*)—UNITED STATES COURTS—STATE LAWS AS RULES OF DECISION—CONSTRUCTION OF STATE STATUTES.

A decision by the highest court of a state that a state statute requiring the guarding of machinery abolished the defense of assumption of risk by the employé is binding upon the federal courts, even though the statute contains no express provision to that effect, but the conclusion was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reached by the state court by a consideration of the language and purpose of the act in the light of general principles of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 954–957, 960–968; Dec. Dig. § 366.*

State laws as rules of decision in federal court, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. MASTER AND SERVANT (§ 204*)—INJURIES TO SERVANT—ASSUMPTION OF RISK —STATUTE.

Rev. St. Mo. 1909, § 7828, requiring an employer to guard all dangerous machinery when possible, as construed by the highest courts of that state, abolishes the defense of assumption of risk by the employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 544–546; Dec. Dig. § 204.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by Etienne Saucier against the Columbia Box Company. Judgment for the plaintiff, and defendant brings error. Affirmed.

William R. Gentry, of St. Louis, Mo. (M. F. Watts and Edwin W. Lee, both of St. Louis, Mo., on the brief), for plaintiff in error.

John C. Robertson, of St. Louis, Mo., for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and POPE, District Judge.

HOOK, Circuit Judge. Etienne Saucier, an employé of the Columbia Box Company in its factory at St. Louis, Mo., whose duty was to pick up and carry away the scraps of wood which fell from the sawing tables, lost his balance on the slippery floor, and in an effort to regain himself his arm came in contact with a rapidly revolving circular saw and was severed. He sued the company for damages and recovered judgment. In his petition he counted specifically upon the failure of the company to comply with a statute of Missouri (section 7828, R. S. 1909) requiring that dangerous machinery "be safely and securely guarded when possible," also upon its negligence with respect to the condition of the floor. No point is made here as to the latter. The saw, like others there, ran perpendicularly through the center of a table with half its width above the top. It was dangerous and could have been, but was not, guarded. Though Saucier's employment did not include work at the table with the saw, he knew the saw was there, was in motion, and was unguarded.

[1] As stated by counsel for the company:

"The sole question involved in this case is whether the plaintiff Saucier assumed the risk of injury that might result from the unguarded condition of the saw by which his arm was cut off."

Counsel relies on St. Louis Cordage Co. v. Miller, 61 C. C. A. 477, 126 Fed. 495, 63 L. R. A. 551, and the other cases following it which hold that, though a state statute requiring the employer to safeguard dangerous machinery is violated, the employé assumes the risk if, knowing the danger, he continues at work. But if the highest judicial

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tribunal of the state has declared that the statute has abolished the defense of assumption of risk in such cases, obviously it must be so regarded in the courts of the United States. And this is so though the statute, as in the case at bar, contains no express words to that effect, but the conclusion of the state court is reached in its application and by a consideration of its language and purpose in the light of general principles of law. In Williams v. Gaylord, 186 U. S. 157, 163, 22 Sup. Ct. 798, 800, 46 L. Ed. 1102, there was an attempt to distinguish between the construction and the application of a state statute by a state court and an assertion that the latter is not binding upon the courts of the United States. The Supreme Court said:

"We are unable to accept the distinction. To accept it would deprive the state courts of the power to declare the implication of state statutes, and confine interpretation to the mere letter. The Supreme Court of California declared the effect of the act of 1880 as deduced from the language and purpose of the act, and this was necessarily an exercise of construction. The very essence of construction is the extension of the meaning of a statute beyond its letter, and it can seldom be done without applying some principle of law general in some branch of jurisprudence, and if whenever such application occurs the authority of the state courts to interpret the statute ceases, the federal tribunals, instead of following, could lead those courts in declaring the meaning of the legislation of the states."

[2] Both the Supreme Court and the Courts of Appeals of Missouri in construing and applying the statute involved in this case and other similar legislative acts have announced the following conclusions which we believe to be the settled doctrine in that state: A statute imposing upon employers specific duties for the safeguarding of dangerous machinery, appliances, and places of labor extends to a field not covered by general principles of law in which, without the statute, the duties would not exist and their omission would not be negligent. Such statutes are not solely for the individual benefit of the employés, but proceed also from broad considerations of public policy—the interest of the state in the protection of the lives and limbs of its citizens. Partly for this reason a violation is sometimes, as by a section of the statute at bar, made a public offense. By construction of such statutes a cause of action is given for disobedience resulting in injury equally as if given in express terms. Negligence need not be proved except as failure to comply with the law may be so regarded or so termed. Contributory negligence is a defense as in cases under general rules of law. Assumption of risk rests upon an implied contract between employer and employé. The positive command of the statute to safeguard cannot be defeated by an implication of a contract between the employer and employé that the latter shall assume the risk resulting from the former's disobedience. But there is a qualification of the doctrine of assumption of risk which does not generally obtain elsewhere. It is that if the employé remains at work when the danger is so glaring and imminent that no prudent man would do so it is regarded as a case of contributory negligence. In other respects the phrase "assumption of risk" has the same meaning as elsewhere. The qualification mentioned is not material in the case at bar. Only those cases in the Supreme Court of Missouri which bear most directly upon the question of assumption of risk in connec-

tion with the violation of a legislative act need be referred to. It may be said at this point the section of the revised statutes in question is a revision of section 3 of the act of April 20, 1891 (Laws 1891, p. 160), which required the guarding of belting, shafting, gearing, and drums. In the revision the words "machines" and "machinery" were inserted. A decision under the old section on the matter in hand would be as authoritative as one under the new.

In Durrant v. Mining Co., 97 Mo. 62, 10 S. W. 484, the statute violated required operators of coal mines to provide certain safety devices and gave a right of action for injury occasioned by willful violation. It was urged that plaintiff's knowledge of defendant's failure would defeat the action. The court said: "Such a declaration of law would in effect nullify the statute."

Lore v. American Mfg. Co., 160 Mo. 622, 61 S. W. 678, involved the statute now before us prior to its revision. The plaintiff slipped and fell on a slippery floor, and her hand and arm were crushed by the cogs of gearing defectively guarded. The condition of the floor was put aside as not the sole cause of the injury, and a recovery was sustained on the ground that defendant had not complied with the statute. The trial court had denied defendant's request for the following instruction:

"If the jury believe from the evidence that the condition of the guard at and prior to the time of plaintiff's injury was apparent and obvious to her, then it was one of the risks which she assumed in entering defendants service, and plaintiff cannot recover for any injury caused by the condition of the guard."

This case is cited in Missouri as authority for the doctrine that there is no assumption of risk as against the command of the statute, but a careful reading of it shows consideration was given to plaintiff's brief period of employment before the accident, though if the rule of assumption of risk was to be recognized that consideration was plainly for the jury.

In Butz v. Construction Co., 199 Mo. 286, 97 S. W. 897, the petition charged that the direct cause of plaintiff's injury was defendant's violation of a city ordinance requiring certain safety measures in construction of buildings. The Supreme Court said:

"That the defendant was guilty of a violation of the ordinance in regard to this floor on which the plaintiff was required to work in having it in the condition that it was at the time of the plaintiff's injury is not disputed; and that the plaintiff did not assume the risk to him by reason of that condition, arising from the failure of the defendant to discharge the duty imposed upon it by the ordinance, is conceded in deference to a long line of decisions by the court."

Of course a court might well forbear discussing a principle of law upon concession of counsel, but it would not for that reason announce or apply one of which it did not approve.

Huss v. Heydt Baker Co., 210 Mo. 44, 108 S. W. 63, arose under the statute before us prior to its revision. There also the plaintiff slipped upon a greasy floor and his hand was thrown into unguarded cog wheels. It was, however, his duty to attend to the condition of

the floor and a neglect of it was made the subject of an instruction on contributory negligence. The court said:

"The plea of assumption of risk may rest upon a different basis, and we do not discuss it, for the reason that, while the court refused to strike out such plea in the answer, yet, when the case was submitted to the jury, the instructions submitted no such issue."

Simpson v. Witte Iron Works, 249 Mo. 376, 155 S. W. 810, is the latest case in the Supreme Court of Missouri to which our attention has been directed. Like the case here it involved section 7828 of the Revised Statutes. The court said:

"The particular section in judgment in this case imposes a positive duty on the part of the employer to do two things: (1) To provide safe and secure guards when possible for certain agencies of motion and power 'when so placed as to be dangerous' to employés. * * * If these statutory directions are obeyed, then the employer is not liable for injuries occasioned by such agencies to such employés. If they are not obeyed, then the employer's disobedience is an act of negligence, and he is responsible for any and all injuries directly caused by such failure, saving the defense of contributory negligence. Lore v. American Mfg. Co., 160 Mo. 608, 61 S. W. 678; Millsap v. Beggs, 122 Mo. App. loc. cit. 5, 6, 97 S. W. 956. The responsibility of the employer arises in such cases not only to the injured employé but to the state, for other sections of the act make his disobedience of any of its provisions (including the one under review) a misdemeanor punishable to the extent provided in such sections. R. S. 1909, §§ 7846–7851, inclusive. This double liability is imposed by the general tenor of the act and relates to every requirement contained in any provision of any valid section of the factory act."

The decisions of the Missouri Courts of Appeals, inferior to the Supreme Court, though not controlling (Federal Lead Co. v. Swyers, 88 C. C. A. 547, 161 Fed. 687), may be noticed because they show complete harmony in the appellate courts of that state upon the question here. Their language is clear, direct, and positive. Bair v. Heibel, 103 Mo. App. 621, 77 S. W. 1017; Stafford v. Adams, 113 Mo. App. 717, 88 S. W. 1130; Lohmeyer v. St. Louis Cordage Co., 137 Mo. App. 624, 119 S. W. 49; Collins v. Paper Mill Co., 143 Mo. App. 333, 127 S. W. 641; Austin v. Shoe Co. (Mo. App.) 158 S. W. 709.

The above conclusion makes it unnecessary to consider whether Saucier, whose work was not with the saw but merely in the vicinity of it, must have appreciated it was dangerous to him, nor need we consider the request that we review the former decisions of this court on the subject.

The judgment is affirmed.

POPE, District Judge, concurs in the result.