CITIZENS' BANK v. MOORE, ADMINISTRATRIX.

## Opinion delivered June 17, 1918.

1. ASSIGNMENTS—PAROL ASSIGNMENT OF LIFE INSURANCE POLICY.— Parol assignments of insurance policies, when accompanied by delivery, are sustained as equitable assignments thereof.

2. ASSIGNMENTS—LIFE INSURANCE POLICY—PAROL ASSIGNMENT.—A. held a life insurance policy on his life, payable to his children. In order to secure a debt due B., he requested the insurance company to make B. the beneficiary in the policy. The company changed the beneficiary clause to make the policy payable to A.'s estate. A. then delivered the policy to B. to hold as security for his debt to B. *Held*, the attempt by A. to have the policy made to B.'s benefit, together with the delivery of the policy to B.; constituted an equitable assignment of the policy to B., and that, upon A.'s death, B. could collect the proceeds of the policy.

3. NON-CLAIM—STATUTE OF—PLEDGE OF AN INTEREST IN PROPERTY.— The statute of nonclaim has no application to a security in which the pledgee acquired an interest on the property by reason of an assignment.

Appeal from Jefferson Chancery Court; *Jno. M. Elliott*, Chancellor; reversed.

*T. D. Wynne*, for appellant.

1. An equitable assignment of the policy was made by Moore in his lifetime, and appellant is entitled to the

proceeds of the policy. 29 N. E. 33, 129 N. Y. 140; 8 Fed. 540; 53 S. W. 181; 32 *Id.* 958; 59 *Id.* 192; 30 So. 742; 97 N. Y. S. 86; 31 *Id.* 202.

2. The provision in the policy requiring the written consent of the issuing company was for its own benefit, and can not be availed of by a third person. 53 Ark. 255. The Equitable Company made no objection. 56 *Id.* 63.

3. The policy was assignable and the debt was not barred by nonclaim as the policy was pledged as security. 98 Ark. 340.

*Danaher & Danaher,* for appellee.

1. Emma O. Moore is the only lawful administrator of the estate of deceased and the letters to Proctor are invalid, because Moore did not live in Arkansas and had no property there.

The debt is barred by non-claim. Kirby & Castle's Digest, § 119. It is now too late to revive. 92 Ark. 522.

2. There was no equitable assignment. No agreement to assign was ever made and the doctrine has no application. 53 Ark. 255 and 56 *Id.* 63 do not apply. The consent of the company was never obtained to any assignment. 109 Am. St. 282. No assignment or change of beneficiary was ever made. The contract was a New York contract. 71 Ark. 295. A change of beneficiary was not authorized. 109 Am. St. 282. See also, 123 Mo. 417; 45 Am. St. 570; 27 S. W. 718; 26 L. R. A. 107; 45 S. W. 268; 78 *Id.* 341. All stipulations in a policy must yield to the statute. 123 Mo. 417, 45 Am. St. 570, 27 S. W. 718; 26 L. R. A. 107. The consent of the company to any change was necessary and any change must be in writing and indorsed on the policy. 25 Cyc. 894. Moore merely requested a change of beneficiary, but the company did not comply. The testimony of Proctor and Nelson as to the contents of the application was incompetent. The original should have been produced. The decree is correct.

HUMPHREYS, J. Appellant instituted suit against the Equitable Life Assurance Society and A. H. Proctor

as administrator of the estate of J. C. Moore, deceased, to recover the benefits under a life insurance policy issued by said insurance company on the 24th day of June, 1912, upon the life of the said J. C. Moore. Appellant alleged that it was entitled to the benefits under said policy in the sum of $1,000 by virtue of a transfer of said policy to it to secure the payment of a large indebtedness which the said J. C. Moore owed it.

The Equitable Life Assurance Society filed answer and cross-bill admitting liability under the policy but alleging that it knew nothing of the assignment of the policy or the indebtedness of J. C. Moore to appellant; that Emma O. Moore, widow of J. C. Moore, deceased, had administered on the estate of J. C. Moore, deceased, in the State of Alabama and was claiming the proceeds due under the policy as administratrix of said estate; that A. H. Proctor had administered on the estate of J. C. Moore, deceased, in the State of Arkansas and was claiming the proceeds due on said policy as administrator of said estate; that it desired to pay the amount of the policy to whomsoever was entitled thereto and brought into court the sum of $1,012, being the amount due on said policy, and deposited same in the registry of said court with the prayer that the claimants be required to litigate the right to said sum among themselves and that appellant be discharged.

Mrs. J. C. Moore, administratrix of the estate of J. C. Moore, deceased, filed answer, asserting that she was the lawful administratrix of the estate of her deceased husband and that A. H. Proctor was appointed administrator of said estate in Arkansas without authority of law; that the estate of J. C. Moore, deceased, was the beneficiary in the policy and that she was entitled to the proceeds which had been paid into the registry of the court; and denied that her husband was indebted to the bank or that the policy had been transferred to appellant bank or to A. H. Proctor, in trust for said appellant.

The facts, in substance, are as follows: On the 24th of June, 1912, the Equitable Life Assurance Society is-

sued a policy on the life of J. C. Moore and named Vivian Mae Moore and Minor Goyne Moore, his children, as beneficiaries therein. On account of ill health, it became necessary for J. C. Moore to remove to the west. He was at that time, in the mercantile business at Junction City, Arkansas, and was indebted in a large sum to the Citizens Bank of that town. He transferred certain real estate to the bank and reduced his indebtedness to $2,696, for which he executed notes. Moore desired to secure this indebtedness with the insurance policy. The method of assigning the policy was discussed, and it was agreed between Moore and Proctor that Moore would have the beneficiaries in the policy changed so that the proceeds arising therefrom might be payable to Proctor, as trustee for the bank. A day or two thereafter, the policy was delivered to Proctor. By agreement, J. C. Moore made application on a regular blank of the insurance company to have the beneficiaries changed in the policy from the children to A. H. Proctor as trustee for appellant bank. The application, together with the policy, was turned over to the local agent who sent it to the Little Rock agency, from whence it was forwarded to the home office in New York City. The officials of the insurance company concluded that the company could not comply with the insured's request to make the bank the beneficiary for the reason that under its by-laws appellant bank had no insurable interest in the said policy, and, in order to carry out the purpose and intent of the request, changed the beneficiary from the children to the estate of J. C. Moore and returned the policy to the bank with instructions to the bank to get an assignment of the policy from J. C. Moore. In the meantime, J. C. Moore had moved to New Mexico, and the bank, believing it was sufficiently protected by the delivery of the policy, did not procure a written assignment thereof, but held same and paid the subsequent premium thereon. J. C. Moore moved from New Mexico to Alabama with his family, and died on the 26th day of November, 1914. His wife, Emma O. Moore, was appointed administra-

trix of his estate in Lee County, Alabama, on January 15, 1915. A. H. Proctor was appointed administrator of his estate in Union County, Arkansas, on June 13, 1916. The appellant never presented its claim to the estate for allowance.

Upon submission, the court found that the policy was never assigned or pledged to appellant bank, that the notes given by J. C. Moore to appellant bank were never probated and that same were barred by the statute of nonclaim, and that Emma O. Moore, as administratrix of the estate of J. C. Moore, deceased, was entitled to the proceeds of the insurance policy. A decree was rendered in favor of the administratrix in accordance with the findings of the court, from which an appeal has been duly prosecuted to this court.

(1-2) Appellant first insists that the court erred in finding and decreeing that the policy was not assigned to it. It is said that there was no agreement for an assignment of the policy between appellant bank and Moore. The effect of the testimony of both Proctor and Nelson is that Moore's purpose was to secure the indebtedness due from Moore to the bank by an assignment of the policy; that the method resorted to for that purpose was a change of the beneficiaries from Moore's children to appellant bank or Proctor, as trustee for it. The beneficial interest in the policy could not be effectively assigned until the beneficiaries were changed in the policy. For the purpose of effecting the assignment, the original policy was delivered to Proctor and formal application was made by Moore to have the beneficiaries changed from his children to appellant bank. In order to effect a transfer of the policy, the company changed the beneficiaries from the children to the estate of J. C. Moore and returned the policy to the bank with directions to have it assigned by Moore. It is said that appellant is prevented from becoming a beneficiary under the policy on account of the following clause contained therein: "If the right to change the beneficiary has been reserved, and there is no written assignment of this policy on file with the so-

ciety, the insured may from time to time during its continuance change the beneficiary or beneficiaries by a written request, upon the society's blank, filed at its home office, but such change shall take effect only upon the endorsement of the same hereon by the society. If there be no beneficiary surviving at the death of the insured, the proceeds of this policy shall be payable to the executors, administrators or assigns of the insured." The reason assigned by appellees is that appellant bank or Proctor were not made beneficiaries by the request of the insured in accordance with this clause. We do not understand that appellant is trying to recover as beneficiary in the policy, but by virtue of an assignment of the policy to it. The beneficiary in the policy was changed from his children to his estate, so that the assignment of the policy by delivery to appellant bank might become effective. As long as it was payable to his children, the beneficial interest therein could not be effectively assigned. There is no contention that the change in the beneficiary from the children to the estate was not within the power of the insured under the terms of the policy. We think the direction for a change in the beneficiary for the purpose of effecting an assignment thereof, together with the delivery of the original policy, constituted an equitable assignment, though not formally made in writing. Parol assignments of insurance policies, when accompanied by delivery, are sustained as equitable assignments thereof. *Hancock* v. *Fidelity Mutual Life Ins. Co. et al.*, 53 S. W. 181; *Embry* v. *Harris*, 52 S. W. 958; *Allison* v. *Pearce*, 59 S. W. 192; *Hanchey* v. *Hurley*, 30 So. 742; *Howe* v. *Hagan et al.*, 97 N. Y. S. 86; *Cockrell* v. *Cockrell*, 31 So. 202.

This suit must be viewed from the same angle as if it were a controversy between J. C. Moore himself and appellant bank. Mrs. Moore, as administratrix, does not occupy the same position as if she were a beneficiary. She is Moore's personal representative and stands before the court with no greater or less rights than Moore him-

self would have.   Under the facts in this case, Moore would clearly be estopped from prosecuting a suit for the policy against the bank on the ground that it had not been transferred to it by formal or written assignment.

This is not a contest between beneficiaries.   This court has held that in a contest between beneficiaries it is not within the power of the insured to change beneficiaries otherwise than in accordance with the terms of the policy, so our ruling in this case in no way conflicts with the ruling in that line of cases.

(3)   It is insisted by appellant that the court also erred in holding that its right in the policy is barred by the statute of nonclaim.   The claim was not presented to either the administratrix or the administrator within one year from their respective appointments.   Appellees insist, and the chancellor held, that the failure to present the claim barred the debt and that the security died with the debt.   The statute of nonclaim has no application to a security in which the pledgee acquired an interest in the property by virtue of the assignment.   Jones on Collateral Securities, § 598.

For the errors assigned, the decree is reversed and the cause remanded with instructions to render decree in favor of appellant for the proceeds of the policy now in the registry of the court.