## RALPH v. COX.

(Circuit Court of Appeals. Eighth Circuit. September 9, 1924.)

No. 255.

1. **Bankruptcy ⟾396(3)—Life insurance policy, payable to bankrupt's wife, held exempt under Minnesota statute.**

A policy on the life of bankrupt, payable to his wife, though reserving to insured the right to change the beneficiary, which right had not been exercised, *held* exempt from his debts, under Gen. St. Minn. 1913, §§ 3465, 3466, and not to pass to his trustee.

2. **Bankruptcy ⟾396(1)—Courts ⟾366(19) —State laws govern exemptions; state decisions govern as to construction of exemption statutes.**

The matter of exemptions is left by Bankruptcy Act, § 6 (Comp. St. § 9590), to state laws, and in determining what those laws are on this subject the federal courts are governed by the construction given to its statutes by the highest court of the state, though subsequent to contrary decision by federal court.

Petition to Revise Order of the District Court of the United States for the District of Minnesota.

In the Matter of Aaron Ralph, bankrupt; Harold W. Cox, trustee. On petition of bankrupt to revise order of District Court. Reversed.

See, also, 293 Fed. 903.

Victor M. Petersen, of Minneapolis, Minn., for petitioner.

Allen & Fletcher, of Minneapolis, Minn., for respondent.

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

LEWIS, Circuit Judge. This is a petition to revise and reverse the action of the district court in holding that the surrender value of a life insurance policy was not exempt, under sections 3465, 3466 of the General Statutes of Minnesota, 1913, but was part of the bankrupt estate of petitioner which the trustee was entitled to collect for the benefit of the bankrupt's creditors. The order complained of directed the bankrupt to surrender the policy to the trustee subject to the bankrupt's right to reclaim the same by payment of its cash surrender value, and on his failure to do that the trustee was directed to deliver it to the insurer for cancellation and demand its surrender value. The facts are not in dispute. The policy was issued to the bankrupt in April, 1915. His wife, Sophia, then, now and ever since living with him, was named as beneficiary. A right, however, was reserved to insured to change the beneficiary, which he has not exercised. Its surrender value was $807.00 in April, 1922, when the order of adjudication was entered.

[1] The point of law raised was decided by us in Aberle v. McQuaid, 283 Fed. 779, adversely to the petitioner's contention, but the rule there announced is no longer tenable in Minnesota, says the petitioner, because the Supreme Court of that State, in Murphy v. Casey, 150 Minn. 107, 184 N. W. 783, has given a contrary construction to the State statute. That was a creditor's bill brought in aid of an execution to subject the defendant's interest in the policy to the payment of his debt. In that policy the insured's mother was named as beneficiary, but it also reserved to the insured the right to change the beneficiary at any time. It was there contended that the reservation created a property right in the insured available to his creditors, and that they were entitled to the surrender value of the policy. It was held that so long as there was no change of beneficiary, by death or otherwise, the policy was exempt under the statute from the claims of creditors and that the interest of the insured was not available to them, that it could not be said that credit had been extended to the insured on the faith of the insurance, for all persons dealing with him were bound to

know that money becoming due thereon, when payable to a third person, is exempt from their claims in the absence of fraud on the part of insured. This opinion of the Supreme Court was rendered after the Aberle case was submitted to us, and it appears to have been the first construction given to the statute by that court on the facts presented.

[2] The District Judge was of the opinion that the construction given to the statute by the highest court of the State should be followed, but he hesitated to take that course in the face of our ruling in the Aberle case and so left the petitioner to his right to present the question here. We have no doubt that we should yield to the conclusion announced in the Murphy Case. Fairfield v. County of Gallatin, 100 U. S. 47, 25 L. Ed. 544; Oakes v. Mase, 165 U. S. 363, 17 Sup. Ct. 345, 41 L. Ed. 746; Columbia Box Co. v. Saucier, 213 Fed. 310, 129 C. C. A. 656. The matter of exemptions is left by the Bankruptcy Act, § 6 (Comp. St. § 9590), to State laws, and in determining what those laws are on this subject we are guided by the construction and interpretation given to the statute by the supreme court of the State. In re Nye, 133 Fed. 33, 66 C. C. A. 139; Grattan v. Trego, 225 Fed. 705, 140 C. C. A. 579; In re National Gro. Co., 181 Fed. 33, 104 C. C. A. 47, 30 L. R. A. (N. S.) 982; Eaton v. Trust Co., 240 U. S. 427, 36 S. Ct. 391, 60 L. Ed. 723, Ann. Cas. 1918D, 90.

We sustain the petitioner's contention and disapprove the order denying exemption.