## Hoge v. Morgan.

### 4-4206

Opinion delivered March 2, 1936.

*Malcolm T. Garner,* for appellant.

*Robert D. Lee,* for appellee.

McHaney, J. Appellee is the widow of Frank M. Morgan who died intestate in Pulaski County in March, 1934. In June, 1934, appellant was appointed administrator of the estate of said Morgan, and thereafter, on or about July 1, collected from the Metropolitan Life Insurance Company the face value of a policy of life insurance held by Morgan in the sum of $333.25, payable

to his estate. On July 9, 1934, appellee petitioned the probate court to set aside and allow to her the sum of $300 of such estate as the widow of said deceased under § 80, Crawford & Moses' Digest. Upon the hearing, the probate court denied her petition and awarded the whole estate to appellant; he contending that the policy had been assigned to him by deceased to secure him for medical services rendered over a considerable period of time prior to Morgan's death. Appellee prosecuted an appeal to the circuit court, where, on a trial *de novo* before the court sitting as a jury, a finding was made that there had been no assignment of said policy to appellant, that the funeral expenses had been paid, and that the proceeds of said policy constitute the entire personal estate of said deceased, and that appellee as widow is entitled to $300 thereof. Judgment was entered accordingly.

It is contended by appellant for a reversal of the judgment that life insurance policies are mere choses in action and subject to assignment, and that the insured did assign said policy to appellant as a creditor, who thereafter paid the premiums and kept said policy alive. It is true that life insurance policies are assignable, unless contrary to their terms. The policy in this case in express terms provides: "Any assignment or pledge of this policy or of any benefits hereunder shall be void and of no effect." Moreover, there is no substantial evidence to support a legal assignment, even though said policy were assignable. There is no writing to this effect indorsed on the policy or otherwise, and the policy was not in appellant's possession. This court has sustained parol assignments of policies which are assignable, in cases where the policies were delivered to the assignees, as equitable assignments, see *Citizens' Bank* v. *Moore,* 134 Ark. 554, 204 S. W. 619, or as a gift *causa mortis.* See *Gordon* v. *Clark,* 149 Ark. 173, 232 S. W. (2d) 19. Here there was no delivery.

Again appellant's claim is not founded on an assignment. He collected and held the money as administrator. It was the property of decedent's estate and constituted the whole estate. Clearly, therefore, under § 80 of Crawford & Moses' Digest, appellee was entitled to

have awarded her the sum of $300, funeral expenses having been paid, regardless of the fact that appellant is a creditor and has paid premiums to keep the policy in effect.

The judgment of the circuit court is correct, and is affirmed.