STRICKLAND *v.* DYER.

4-4234

Opinion delivered March 23, 1936.

*H. P. Smith* and *James R. Campbell*, for appellant.

*W. W. Sharp*, for appellee.

McHANEY, J. The facts in this case are not in dispute, most of them being stipulated. On March 2, 1929, E. T. Dyer, deceased husband of appellee, contracted with appellant to finance him to make a crop during said year to the extent of $2,000. On said date he executed and delivered his note to appellant for said sum, due November 1, 1929, and secured by a mortgage on certain chattels and all crops to be grown by him. At appellant's suggestion or by his requirement, Mr. Dyer applied for and was issued a policy of life insurance in the Reliance Life Insurance Company in the sum of $3,000, the first premium being paid by appellant and charged to Dyer's account. This policy was delivered April 10, 1929, and appellee was named beneficiary therein. On said last-mentioned date, Mr. and Mrs. Dyer executed and delivered to appellant the following assignment of said policy of insurance: "For value received, I hereby assign and transfer unto R. B. Strickland, Clarendon, Arkansas, so far as his interest shall appear, all my right, title and interest in policy No. 451074, issued by the Reliance Life Insurance Company of Pittsburgh upon the life of E. T. Dyer, of Clarendon, Arkansas, and dated the 23 day of March, 1929.

"Witness my hand and seal this 10 day of April, nineteen hundred and twenty-nine.

"(Signed) Insured: E. T. Dyer.

"Beneficiary: Julia S. Dyer."

This assignment was duly executed and acknowledged on forms furnished by the company and a copy retained by it and a copy delivered to appellant. The note, for which this assignment was given as additional security, was paid in full on October 30, 1929, one day before its due date, and the note and mortgage sur-

rendered and canceled. Thereafter, beginning on November 11, 1929, Mr. Dyer made other small purchases on credit, and on January 1, 1930, owed appellant $40.75. Dyer again arranged for advances in the sum of $2,000 for said year, for which he executed a new note and chattel mortgage. This year's indebtedness was not paid. On April 20, 1932, a settlement was had between them in which it was agreed that Dyer owed appellant $1,989.63, for which a new note and chattel mortgage were given at 8 per cent. Other credits were thereafter extended and two payments of $100 each were made by him. Dyer died in December, 1934.

Appellee brought this action against the insurance company to recover the $3,000. It admitted liability, paid the money into court, and interpleaded appellant on the ground that he claimed some interest in the proceeds of said policy by reason of said assignment. He thereupon filed an answer setting up said assignment, Dyer's indebtedness to him at the time of his death, and prayed that he be permitted to recover from the proceeds of said policy the amount of his debt in excess of $2,000 with interest. Trial resulted in a decree for appellee except one quarterly premium paid by appellant in 1930 in the sum of $9.37, which amount was awarded him.

The trial court held that said assignment was given appellant to secure said note for $2,000 dated March 2, 1929, and that when said note was paid on October 30, 1929, the note and mortgage, as well as said assignment, were extinguished and became null and void.

We think the trial court was correct in so holding. Payment of a negotiable instrument by the maker discharges the instrument and all persons secondarily liable. Section 7885 and 7886, Crawford & Moses' Digest. Necessarily, therefore, all collateral deposited with the payee as security for the debt is discharged when the instrument it secures is discharged. As stated in 5 C. J., page 958: "Where the debt for which the collateral is given is paid, the right to hold the collateral ceases, and after that time the assignee has no interest in the collateral that he can transfer to another." Therefore, when Mr.

Dyer paid his debt, appellant had no more right to hold the assignment than he did the note it was given to secure or the mortgage which was satisfied. Had he surrendered the assignment to appellee, as it was his duty to do, then, to secure any future indebtedness to appellant, a new assignment would have been necessary, or a new agreement regarding the former assignment. It is not contended in this record that this was done. Appellee testified, and it is not contradicted, that appellant did not discuss with her any matter relating to Mr. Dyer's business or the policy after the debt was paid for which the assignment was given. Nor can we agree that Mr. Dyer, conceding that he orally agreed with appellant that the policy should stand pledged for the debt now sued upon, could assign the policy without appellee's consent when the policy itself was at all times in appellee's possession. *Hoge* v. *Morgan*, ante p. 363, 91 S. W. (2d) 614. She had a qualified interest in said policy, subject to his right to change the beneficiary as provided therein. *Townes* v. *Krumpen*, 184 Ark. 910, 43 S. W. (2d) 1083; § 5579, Crawford & Moses' Digest, as amended by act 141 of 1931; act 102 of 1933.

The decree is correct, and must be affirmed. It is so ordered.