[Filed May 1, 1890.]

## C. B. ROSTEL, RESPONDENT, *v.* RAPHAEL MORAT, EX., APPELLANT.

EXECUTOR AND ADMINISTRATOR—SEMI-ANNUAL ACCOUNT.—It is the duty of every executor or administrator, within six months after notice of his appointment, and every six months thereafter until the estate is settled, to file a semi-annual account; and the county court must, at the first term after any such account is filed, ascertain and determine if the estate be sufficient to satisfy the claims presented and allowed within the first six months, or any succeeding six months thereafter, after paying the funeral charges and expenses of administration, and if so it shall order and direct; but if the estate be insufficient for that purpose, it shall ascertain what per centum it is sufficient to satisfy, and direct accordingly.

EFFECT OF PAYING CLAIMS WITHOUT AN ORDER OF THE COURT.—By paying claims in advance of an order by the court, an executor or administrator takes the risk of securing the approval of his acts by the court when his accounts and vouchers shall be presented.

DISALLOWANCE OF EXECUTOR OR ADMINISTRATOR'S FINAL ACCOUNT.—If the final account of an executor or administrator be disapproved by the court, he may either appeal from the decree disallowing the same or file another account which shall meet the objections of the court.

DECREE FOR MONEY IN PROBATE PROCEEDINGS.—A decree for the payment of money in probate proceedings cannot be enforced as for a contempt. The proper process is an execution.

APPEAL from Jackson county: L. R. WEBSTER, judge.

This controversy has arisen in the course of the settlement of the estate of Julius Raspot, deceased. The defendant Raphael Morat is the executor of the last will of said deceased, and the plaintiff is endeavoring to secure the payment of a claim, in the form of a judgment, which he obtained before a justice of the peace in Jackson county against said Julius Raspot in his life-time. The cause was transferred from the county court of Jackson county to the circuit court of that county for the reason that the newly-elected judge of the county was directly interested as counsel for one of the litigants.

Raspot died on the seventh of March, 1884. On the twenty-third day of August, 1884, the will was duly proven and admitted to probate and the defendant qualified as executor and entered upon the duties of his trust. The inventory was not filed until the twenty-third day of October, 1884, by which it appears the appraised value of the property of the estate was $222.92. On the fourth of March, 1885,

the executor filed a final account; on March 21, 1886, he filed another final account, and on the fifth day of July, 1887, he made "a full and final statement of his proceedings."

To each of these accounts the respondent filed objections, and said accounts were disallowed by the court; but each account showed disbursements enough to absorb the estate, if the claims paid were such as the executor had the right to pay in the order in which they were paid.

On the seventh day of September the court made an order adjudging that the executor pay Rostel's claim forthwith, or that he show cause at the next term of court. why he failed or refused to pay it. On the fifth day of October, 1886, the executor served and filed a notice of appeal from said order; but no undertaking on appeal was executed and the same was not prosecuted.

Afterwards, on the second day of May, 1887, C. B. Rostel filed in said court a petition for a citation requiring the executor to appear and show cause why he did not pay petitioner's claim theretofore allowed and ordered paid. The executor in answer to this citation undertook to show cause by filing one of his final settlements.

There was a hearing on this account on the sixth day of July, 1887, at which the court refused to set aside its order of September 7, 1886, and directed the executor forthwith to comply with the same.

Finally, on the thirtieth of June, 1888, the executor still failing to comply with said order by paying Rostel's claim, the court awarded a warrant for his arrest and committed him to the jail of Jackson county to be "there kept in close confinement and custody until he submits and obeys the orders of this court."

It was admitted on the argument, though it does not appear from this record, that Morat was afterwards discharged from said confinement by the circuit-judge of the first district on *habeas corpus*.

When this cause reached the circuit court it appears to have been tried by the court as to whether the executor

should pay Rostel's claim, being the same precisely which had been previously tried and determined by the county court, and said circuit court ordered him to pay it within fifteen days. It is from this order or judgment that this appeal is taken.

*C. W Kahler*, for Appellant.

*H. K. Hanna*, for Respondent.

STRAHAN, J., delivered the opinion of the court.

The proceedings in this cause seem to be so irregular as well as prolix that it is difficult to determine just what the rights of the parties really are. There have been an unnecessary number of papers filed, many of which were copied into the journal in the county court when there wⱥ no occasion for it. And where the record ought to be full and explicit, it is frequently wanting in particularity.

The appellant's contention is, that the county court is a court of record, Art. VII, section 1, constitution, and that whatever judgment or decrees it may enter ought to be justified by the record in the particular case; that probate jurisdiction is conferred on the court by the constitution, Art. VII, section 12, and by the Code, section 895, and the manner in which it shall be exercised is fixed by the various provisions of the law applicable to the particular subject; that section 1170, Hill's Code, makes it the duty of an executor or administrator, within six months from the date of the notice of his appointment, and every six months thereafter until the administration is completed and he is discharged from his trust, to render a verified account and file the same with the clerk, showing the enumerated particulars in said section mentioned, and that section 1172 makes it the duty of the court, at the first term after the filing of the first semi-annual account, to ascertain and determine if the estate be sufficient to satisfy the claims presented and allowed by the executor or administrator within the first six months or any succeeding six months thereafter, after paying the funeral charges and ex-

penses of administration, and if so shall so order and direct; but if the estate be insufficient for that purpose, it shall ascertain what per centum of such claims it is sufficient to satisfy, and order and direct accordingly. These sections prescribe the duty of the executor or administrator and the court as well.

The executor in this case filed no semi-annual accounts. Each was a final account. He also took it upon himself to pay claims without any order or directions from the court whatever; and while it is believed that this is and has been the usual custom among executors and administrators in this State, it is not the course prescribed by law. By paying claims in advance of an order by the court, the executor or administrator simply takes the risk of securing the court's approval of his action when his accounts and vouchers shall be presented, and this Morat failed to do. On the contrary, the court disapproved of every account filed by him, and made an order requiring him to pay Rostel's claim in full. The executor published two notices of the hearing of each of his final accounts, one of which notices was given by order of the court.

On each of these occasions when his accounts were disallowed by the court, I think the executor might either have appealed from the order of disallowance, or he might have filed another account by way of amendment which would have met the views of the court. He saw proper to adopt the latter course, but was unable to obtain the court's sanction to his proceedings.

Having said this much in reference to the proceedings in the county court, we come to an examination of the action of the circuit court which resulted adversely to the executor. Amongst other things the circuit court found that the said executor was chargeable on account of the assets of said estate which came into his hands with the sum of $109.83, which is properly applicable to the payment of said claim, and should be applied in pursuance of the judgment of the county court heretofore rendered and entered in this behalf. Whether this finding is correct, it is impossible for us to

determine in the present state of this record.    Its correct-
ness depends altogether on whether or not the defendant
was properly charged by the court with the par value of
the bank stock or the amount for which he reported he sold
it, and whether or not the credit side of the account is
correct, and that depends on whether or not the credits
which he claims ought to have been allowed.    There is a
dispute and considerable uncertainty about it.    The court
below might have heard evidence on this subject, which
we are not permitted to hear.    Nor have we any satisfac-
tory way of determining the reasonableness of many of
these charges

While we are not entirely satisfied that the judgment
appealed from is right, we are unable to say affirmatively
that it is wrong; and inasmuch as the defendant, by failing
to observe the proper course of procedure in the county
court, has contributed very much to produce this uncer-
tainty, we do not think we are called on to interfere.

If the defendant had promptly filed his semi-annual
account at the end of six months from the date of the
notice of his appointment, and each six months thereafter,
and had paid no claims until the court determined the
order of their priority, and then paid them upon the order
of the court, its orders would have fully and completely
protected him against any claim not thus ordered to be
paid.

Though not strictly necessary, I think this case ought
not to be dismissed without a word respecting the manner
in which the order or decree may be enforced against the
defendant.    Section 1078, Hill's Code, in defining the
methods of procedure in probate proceedings, provides:
"The mode of proceeding is in the nature of that in a suit
in equity as distinguished from an action at law."    And
section 406 provides:  "The court or judge thereof may
enforce an order or decree *other than for the payment of
money* by punishing the party refusing or neglecting to
comply therewith as for a contempt."    These two sections
taken together limit the power of both the circuit and

county courts, where a decree is for the payment of money, to an execution for its enforcement and render subdivision 5, section 650, inapplicable in such case.

The decree of the circuit court must be affirmed.