In re PFAFFINGER.

(District Court, W. D. Kentucky. October 26, 1908.)

1. BANKRUPTCY (§ 143*) — PROPERTY PASSING TO TRUSTEE — LIFE INSURANCE POLICIES.

Where policies of insurance on the life of a bankrupt were payable to his wife, they did not pass to his trustee in bankruptcy because of the fact that by their terms the bankrupt was authorized to change the beneficiary with the consent of the company, nor because, after the bankruptcy, he applied in his own name for their surrender value, which the company did not pay him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 201; Dec. Dig. § 143.*]

2. BANKRUPTCY (§ 143*)—EXEMPTIONS—KENTUCKY STATUTE.

Under Ky. St. 1903, § 655, which provides that a lawful beneficiary designated in a life insurance policy, other than the insured or his legal representatives, shall be entitled to the proceeds thereof as against the creditors or representatives of the insured, a policy on the life of a bankrupt, payable to his wife, does not pass to his trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 143.*]

In Bankruptcy. On review of orders of referee.

Joseph E. Conkling, for bankrupt.

EVANS, District Judge. This case is now before us upon a petition for a review by the court of the orders of the referee in respect to the surrender value of two policies of insurance on the life of the bankrupt, in each of which his wife, Blanche J., was made the beneficiary. One of the policies was for $3,000 and the other for $1,000. Each was dated November 20, 1899, each was issued by the Mutual Life Insurance Company of Kentucky, and each contained a clause authorizing the insured at any time to change the beneficiary with the consent of the company. The judgment of the referee was to the effect that the trustee was entitled to the surrender value. The question arising is an interesting one; but we have reached the conclusion that the referee was in error in the ruling sought to be reviewed.

1. As appears from the record, Pfaffinger was adjudicated a bankrupt on January 9, 1907. The bankrupt, more than a year thereafter, applied in his own name for the surrender value of the policies. The referee construed this act to be a designation of himself as the beneficiary in lieu of his wife, and there might be plausibility in the proposition if the company had consented; but that consent was never given nor obtained. There is no claim that the bankrupt in fact so intended, but at all events the designation was never completed by the company's consent, and therefore never took place, and left the rights of the beneficiary as fixed in the policies.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. The rights, if any, of the trustee accrued upon the adjudication. That fact alone would seem to exclude any right in the trustee; his right being limited as a general rule to those which existed when the adjudication was made.

3. But of still more importance is the fact that section 655 of the Kentucky Statutes of 1903, among other things, contained the following provision, to wit:

"When a policy of insurance is effected by any person on his own life, or on another life in favor of some person other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same."

This statute in express terms exempts just such policies, as these from liability to the demands of creditors. The opinion of the Supreme Court in Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018, appears to leave nothing more to be said as to the proper construction of sections 6 and 70 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 548, 565, 566 [U. S. Comp. St. 1901, pp. 3424, 3451]), in connection with section 655 of the Kentucky Statutes of 1903. That opinion gives to the Kentucky statute controlling influence in cases like this. Furthermore, in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, the Supreme Court held that the title to exempt property never passes to the trustee, and we think the surrender value in this case did not pass to that officer.

For these reasons, the orders of the referee will be reversed and set aside.