## NELLIE REMLEY v. TRAVELERS' INSURANCE COMPANY OF HARTFORD and Others.[1]

May 14, 1909.

Nos. 16,052—(72).

**Policy of Insurance — Exemption from Creditors.**

Sections 1691 and 1692, R. L. 1905, exempting from the claims of creditors policies of insurance effected by the insured in favor of another, or made payable to his wife, or for her benefit, apply only to policies which on their face are so payable.

**Endowment Insurance of Bankrupt.**

An endowment policy of insurance payable to the insured, having a cash surrender value at the time he is adjudged a bankrupt, passes, unless re-

[1]Reported in 121 N. W. 230.

deemed in the manner prescribed by section 70a of the bankruptcy act, to the trustee in bankruptcy.

**Findings Not Against Evidence.**
    Findings of the trial court *held* not palpably against the evidence.


Action in the district court for Clay county to reform a policy of endowment insurance on the life of plaintiff's bankrupt husband, and to determine the rights therein of his trustee in bankruptcy. The case was tried before Baxter, J., who found for defendant trustee. From an order denying plaintiff's motions for a new trial and for amended findings, she appealed. Affirmed.

*William Russell,* for appellant.

*Edwin Adams, E. E. Sharp* and *C. R. Chapin,* for respondents.


BROWN, J.

In October, 1899, one Constance A. Remley made application to defendant insurance company for a policy of life insurance on the endowment plan, extending for the period of fifteen years, payable to his "executors, administrators, and assigns." Upon this application a policy was issued accordingly, and made payable as just stated. Thereafter, and when the policy had a cash surrender value, Remley became a bankrupt, and defendant Sharp was duly appointed trustee of his estate, and as such made claim to the policy for the benefit of creditors. Thereafter plaintiff, wife of said Remley, brought this action to reform the policy, so that it should be made payable to her, as Remley's wife, instead of to his estate, on the alleged ground that there was a mutual mistake in its terms in this respect. By the answers of both the insurance company and defendant Sharp the alleged mistake was put in issue, and was the only question of fact litigated on the trial below. The trial court found that there was no mistake in the terms or provisions of the policy and ordered judgment for the defendants. Plaintiff thereafter moved the court for amended findings or a new trial, and appealed from an order denying her motion.

Plaintiff contends (1) that the findings of the trial court are palpably against the evidence; (2) that in any event plaintiff is entitled to a reformation, subject to the rights of the trustee, namely,

the surrender value of the policy as of the date Remley was adjudged a bankrupt, leaving the plaintiff the right to continue the policy in force for the future; and (3) that, without reference to a reformation of the policy, the money due and to become due thereunder is exempt under sections 1691, 1692, R. L. 1905, and that, therefore, the trustee has no right or interest therein. We are unable to concur in either contention.

1. The evidence offered to show a mistake in the terms of the policy, by which it was made payable to the "executors, administrators, and assigns" of Remley, is by no means conclusive. In order to effect a reformation of a written contract on the ground of mistake, the evidence must be clear and convincing. Preponderance is not sufficient. Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705. Within this rule the findings cannot be disturbed. The only evidence tending to confirm the alleged mistake was that of plaintiff, her husband, the insured, and another witness; and, though uncontradicted, the trial court was not required to find therefrom the existence of the alleged mistake. The policy was issued upon a formal written application, which contained a request that it be made payable to the executors, administrators, and assigns of Remley, and it was issued accordingly. It is conclusive, therefore, that there was no mistake in so far as the conduct of the company is concerned. Its officers issued the policy in the terms requested by Remley; and, while we do not wish to be understood as holding that a reformable mistake might not be made to appear in such a case, the mistake in the case at bar seems from the evidence wholly an afterthought of the Remleys. The policy, to which was attached a copy of the application, remained in Remley's possession for eight years, and the alleged mistake was not discovered until after he was adjudged a bankrupt and the rights of the creditors had attached. The premiums on the policy were all paid by Remley, and the evidence does not show that his wife had any pecuniary interest therein. All these facts are suggestive, and were pertinent for consideration by the trial court, in the face of which we are unable to say that the findings are clearly or palpably against the evidence.

2. The claim that the court below erred in not ordering a reformation of the policy subject to the rights of the trustee in bankruptcy

108 M.—3.

is not sound. The policy matured at the expiration of fifteen years, was an endowment policy, having a cash surrender value at the time Remley was adjudicated a bankrupt, and, being payable to his executors, administrators, and assigns, passed to the trustee, subject to the rights given by section 70a of the bankruptcy act (Act July 1, 1898, c. 541, 30 St. 566 [U. S. Comp. St. 1901, 3451]). By that section it is provided that the bankrupt may in such a case, within thirty days after the surrender value of the policy has been ascertained and stated to the trustee, pay or secure to such trustee the amount so ascertained, and then continue to own, hold, and carry the policy free from the claims of creditors. It further provides that, if he fails to do this, then the policy shall pass to the trustee. It does not appear that the provisions of this statute were complied with, and it follows that the policy in question passed to the trustee. Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771.

3. Nor is plaintiff's contention that, under sections 1691, 1692, R. L. 1905, the policy is exempt, tenable. Those sections provide:

Sec. "1691. Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors * * * of the person effecting the same."

Sec. "1692. Every policy made payable to, or for the benefit of, the wife of the insured, * * * shall inure to her separate use and that of her children. * * *"

Neither of these sections has any application to a policy like the one involved in this case. They have reference solely to policies which on their face are payable to some third person, or to the wife of the insured, or on their face appear to have been procured for the benefit of the wife. This policy was not so written or conditioned, but, on the contrary, provided for the payment of the amount thereof, in the event of the insured's death before the expiration of the endowment period of fifteen years to his executors, administrators, and assigns, and if he survived that period then to himself. The wife is not named as beneficiary, nor does the policy on its face disclose that it was obtained for her benefit. The statute, therefore, does not apply.

Order affirmed.