### In re JOHNSON.

(District Court, D. Minnesota, Fourth Division. March 9, 1910.)

1. BANKRUPTCY (§ 396*)—TITLE OF TRUSTEE—EXEMPT PROPERTY—INSURANCE.
   Bankr. Act July 1, 1898. c. 541, § 6, 30 Stat. 548 (U. S. Comp. St. 1901. p. 3424), authorizing the allowance to a bankrupt of exemptions prescribed by the state law, is not limited by section 70a (5), requiring a bankrupt to pay to the trustee the cash surrender value of insurance, or to transfer the insurance as assets.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 201, 664; Dec. Dig. § 396.*]

2. BANKRUPTCY (§ 396*)—TITLE OF TRUSTEE—EXEMPT PROPERTY—INSURANCE.
   Under Rev. Laws Minn. 1905, § 1691, providing that, whenever insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of·the insured, and all premiums paid in fraud of creditors, with interest thereon, shall inure to their benefit, if the company be specifically notified thereof before payment. and section 1692, providing that every policy made payable to the wife of the insured shall inure to her separate use, and that of her children, subject to section 1691. and that the person applying for or procuring such policy may change the beneficiaries, if the consent of the beneficiary be obtained or the power to do so is reserved in the contract, a bankrupt, holding a policy payable to his wife, cannot be required to pay the surrender value of the policy to the trustee, though it reserves to him the right to change the beneficiary.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 201, 664; Dec. Dig. § 396.*]

In the Matter of Otto M. Johnson, Bankrupt. Proceeding to review an order of the referee relating to insurance held by bankrupt. Reversed, and case remanded.

Ingman S. Winland, for bankrupt.
S. M. Finch, pro se.

WILLARD, District Judge. At the time Johnson was declared a bankrupt he had a policy of insurance on his own life for $1,000, issued on November 25, 1902, by the John Hancock Mutual Life Insurance Company, of Boston. The policy was payable to Maia Johnson, the wife of the bankrupt, and contained the following clause:

---

"The insured may change the beneficial interest herein from time to time, subject, however, to the rights of any assignee, upon filing a written request with the company at its home office in such form as it may require: but no change shall take effect unless and until indorsement thereon shall have been made thereon by the president or secretary."

The cash surrender value of the policy is $115.08. At the time Johnson was adjudicated a bankrupt the policy had not been surrendered, nor had any surrender been sought, and at that time there had been no change in the beneficiary. The referee held that the bankrupt must pay the trustee the cash surrender value, to wit, $115.08, before he would be entitled to retain the policy. The bankrupt is now seeking by this proceeding a review of that order.

Section 6 of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]), relating to exemptions, is not limited by the provisions of the same act found in section 70a (5). The provisions of the latter section, relating to the payment by the bankrupt of the cash surrender value of an insurance policy before he can retain it, can only be applied in a state where such policy is not exempt. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018; Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. Ed. 771. The only question in the case, therefore, is whether this policy is exempt under the laws of Minnesota.

Sections 1691 and 1692 of the Revised Laws of Minnesota of 1905 are as follows:

"Sec. 1691. Whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. All premiums paid for insurance in fraud of creditors with interest thereon, shall inure to their benefit from the proceeds of the policy, if the company be specifically notified thereof in writing before payment.

"Sec. 1692. Every policy made payable to, or for the benefit of, the wife of the insured, or after its issue assigned to or in trust for her, shall inure to her separate use and that of her children, subject to the provisions of section 1691. But the person applying for or procuring such policy may change the beneficiary or beneficiaries, if consent of the beneficiary or beneficiaries named in the policy be obtained, or if a power so to do is reserved in the contract of insurance, or in case of the death or divorcement of the married woman named as beneficiary."

If it were not for the provision contained in the policy giving the insured a right to change the beneficiary, there could be no doubt but that it would come within the terms of section 1691. The doubt, if there be any, arises from the existence of this right on the part of the bankrupt. As far as appears, the question thus presented has not been decided by the Supreme Court of the state of Minnesota. The only case decided by that court to which attention has been called is the case of Nellie Remley v. Travelers' Ins. Co., 108 Minn. 31, 121 N. W. 230.

The rights of the trustee are fixed as of the date of the adjudication. When the rights of the trustee in this proceeding were thus fixed, the beneficiary named in this policy was the wife. The insurance was then for her benefit, and in my opinion it should be held exempt from the claims of the bankrupt's creditors by virtue of the provisions of section 1691. It was held in the District Court in the District of Ken-

tucky (In re Pfaffinger, 164 Fed. 526) that a policy which contained a clause similar to the one in this case was nevertheless exempt under the Kentucky law, which is substantially the same as the Minnesota law. In Re Booss (D. C.) 154 Fed. 494, the policy provided for the payment of $2,000 to the bankrupt in 1917 if he were living at that time; but if he died before that time the money was to go to his wife if living, and if not to his executors. The statute provided that a policy expressed to be for the benefit of a married woman should inure to her benefit, and not to the benefit of the creditors of the husband. It was held by the District Court for the Eastern District of Pennsylvania that the trustee had no interest in such a policy. The New York statute, construed in the Matter of White (C. C. A.) 174 Fed. 333, is substantially different from the Minnesota statute.

The trustee, in my opinion, has no interest in this policy, and cannot compel payment by the bankrupt of its cash surrender value.

The order of the referee is reversed, and the case remanded for further proceedings.