## F. E. MURPHY v. J. AMBROSE CASEY, ALIAS AMBROSE CASEY.[1]

October 14, 1921.

No. 22,424.

**Insurance — rights of insured subordinate to those of beneficiary.**
   1. Under G. S. 1913, § 3465, a policy of insurance effected in favor of another is exempt from the claims of creditors of the insured, and his rights and interests under the contract are as to creditors seeking to acquire them subordinate to those of the beneficiary.

**Insured's option to demand cash value of policy — attachment by creditor.**
   2. The right of option reserved to the insured to surrender the policy and demand the then cash value thereof, to which the beneficiary can make no valid objection, cannot be attached or levied upon by his creditor, so long as the right of the beneficiary to the ultimate payment of the policy at the insured's death remains in force and effect.

**Attachment of insured's contingent interest.**
   3. Neither can the contingent interest of the insured, dependent upon whether he outlives the beneficiary and the policy becomes payable to his estate, be attached by the creditor during the life of, or before, the rights of the beneficiary have lawfully been terminated.

Action in the district court for Aitkin county to subject defendant's interest in certain life insurance policies to the payment of his debts. Defendant's demurrer to the complaint on the grounds that the facts stated were not sufficient to constitute a cause of action and that it appeared on the face of the complaint that there was a defect of parties

[1]Reported in 184 N. W. 783.

defendant was sustained by Stanton, J. From the judgment entered in favor of defendant, plaintiff appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellant.

*L. T. Mahaney* and *Thomas D. O'Brien,* for respondent.

BROWN, C. J.

On October 16, 1918, plaintiff duly recovered a judgment against defendant in the district court of St. Louis county for the sum of $11,-344.34. Execution was issued thereon on December 9, 1918, and subsequently returned unsatisfied. On May 2, 1919, a second execution was issued under which the sheriff levied upon an alleged interest of the judgment debtor in and to certain policies of life insurance issued to him by the Northwestern Mutual Life Insurance Company on September 3, 1910. This action, in the form of a creditor's bill, was brought in aid of the execution and to subject defendant's interest in the policies to the payment of the same. All the facts upon which the claim is based are set forth in the complaint to which defendant interposed a general demurrer. The demurrer was sustained and judgment thereon rendered for defendant, from which plaintiff appealed.

The policies of insurance were issued to defendant on his application long prior to the judgment made the basis of the action, and payable at the insured's death to his mother, Emma E. Casey, as sole beneficiary, with the reserved right on his part as the insured, to change the beneficiary at any time. The policies are all of the 20 year payment plan, and each contains a cash surrender option, which the insured may exercise, and by a surrender thereof at the time and manner therein provided demand and be entitled to receive from the insurance company the stipulated surrender value of each; in the exercise of which the beneficiary has no restraining voice. The policies also provide that, in the event the beneficiary shall not be living at the death of the insured, the amounts due thereon at his death shall become payable to his heirs, executors, administrators and assignees, no other beneficiary having been designated prior to his death.

It is contended by plaintiff that the cash surrender option given by the policies to defendant, in the exercise of which the named beneficiary

has no voice, and also the contingent interest in and to the amounts payable in the event the beneficiary dies before the insured, are property rights in defendant which are available to creditors, and that the trial court erred in not so holding.

Both these contentions are answered adversely to plaintiff by section 3465, G. S. 1913, by which insurance policies of this character, having a designated beneficiary, are exempt from the claims of creditors of the insured. The statute provides that "whenever any insurance is effected in favor of another, the beneficiary shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. All premiums paid for insurance in fraud of creditors * * * shall inure to their benefit from the proceeds of the policy, if the company be specifically notified" of the claim before payment.

No claim is here made on the theory that the premiums paid on these policies were in fraud of creditors, and rights arising under the latter clause of the statute are not involved, the sole claim presented being the asserted right to resort to the interests of the insured in the cash surrender option and his alleged contingent right in the event he shall survive the beneficiary.

Our conclusion, after full consideration of the questions involved, is that the statute is one of exemption, and that the policies in question, so long as they remain without change of beneficiary by death or otherwise, are exempt from the claims of creditors, and the interests of the insured here sought to be reached are not available to them. To grant the relief on either ground asserted by plaintiff, would, in our view of the matter, wholly destroy the intent of the statute and deprive beneficiaries in such cases of the protection the legislature intended to secure to them.

While it is true that the insured may cash in his policy without regard to the wishes of the beneficiary, that reserved right, since the insurance was effected and taken out for the benefit of the latter, to give force and effect to the statute, must, as to creditors seeking to exercise it in the place and stead of the insured, be deemed and held subordinate to the rights of the beneficiary. There are no sound reasons either in morals or in equity and good conscience why the creditor, to the detri-

ment of the beneficiary, should be given the right and privilege of the insured in such cases. No credit is extended to the insured on the faith of the insurance, for all persons dealing with him are bound to know the law, and that money to become due thereon when payable to a third person is exempt from their claims. The statute is wise in its purpose, securing as it does after the death of the insured pecuniary aid and assistance to the beneficiary, usually some one who is dependent upon the insured for support, and should not be frustrated or impaired by opening the door to those who have no just or equitable claim to the money.

The authorities sustain this view of the question. In re Johnson, 176 Fed. 591, involved the construction of our statute in Federal bankruptcy proceedings, and the conclusion stated was there applied. The court followed the rule of other Federal courts, and held that the insurance policy there involved did not pass to the trustee in bankruptcy, for the reason that it was exempt under our statute to the beneficiary. In re Pfaffinger, 164 Fed. 526; Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. ed. 1018; Hiscock v. Mertens, 205 U. S. 202, 27 Sup. Ct. 488, 51 L. ed. 771. The case of Cohen v. Samuels, 245 U. S. 50, 38 Sup. Ct. 36, 62 L. ed. 143, is not an authority to the contrary and does not support plaintiff's case.

What has been said and the conclusion reached apply equally to both of plaintiff's contentions. To hold with plaintiff on either point would result in the destruction of rights the legislature intended to secure to the beneficiaries in such insurance contracts. To extend to the creditor the option to surrender the policy for the cash value, would wipe out the rights of the beneficiary altogether. And to award to the creditor the insured's contingent interest, to come into life only in the event he outlived the beneficiary, would throw the whole contract relations of the parties into confusion, and prejudice and finally in all probability wholly destroy the benefit intended by the law to protect in the beneficiary. With the insured's rights turned over to the creditor he naturally would have no further interest in keeping the policy alive by the payment of premiums; while the creditor would willingly let the policy lapse for nonpayment, accepting the lapsed value in discharge of his claim. It is not likely that any creditor, in a case where the policy

has 10 or 15 years to run, would consent to pay the maturing premiums, thus to keep the contract in force, in the hopes that the contingent interest of the insured would some time ripen by the death of the beneficiary, only to be confronted later on with the prior death of the insured and the unquestionable right of the beneficiary to the insurance and the whole thereof. A situation of that kind is not at all improbable. Other uncertainties and confusion readily are suggested, all to the detriment of the beneficiary and all impairing the rights intended to be secured by the statute. The court should not create a situation which will bring about results of the kind. It will be time enough for the creditor to reach out for the contingent interest of the insured after the rights of the beneficiary have been terminated by death or other lawful way.

We conclude, therefore, that the learned trial judge correctly disposed of the case and the judgment appealed from will be and is affirmed.