SCHULER, Respondent, v. JOHNSON, Appellant.

(246 N. W. 632.)

(File No. 7285.   Opinion filed February 6, 1933.)

*Robert D. Jones,* of Milbank, for Appellant.

ROBERTS, J.   Plaintiff recovered a judgment on October 31, 1930, against the defendant in the circuit court of Grant county for the sum of $1,712.50.   Execution was issued thereon, and subsequently returned unsatisfied.   The plaintiff procured an order of the circuit court requiring the judgment debtor to appear and answer concerning his property.   It appears from the undisputed evidence that the defendant possesses no property other than a policy of insurance, and the trial court ordered that the policy be surrendered for its cash value, and that the judgment be satisfied from the proceeds derived from the policy.

The ultimate question for decision in this case is the alleged right of the judgment debtor to hold the policy of insurance as exempt from execution.   The policy was issued to the defendant for $10,000 by the Northwestern Mutual Life Insurance Company of Milwaukee, Wis., and at the time of hearing had a cash surrender value of $4,520.   The policy was made payable to the children of the insured subject to the right of the insured to change such beneficiaries, and the right is reserved to the insured to obtain loans upon the security of the policy or to surrender the same for its cash value without the consent or participation of the beneficiaries.

The law upon which the appellant relies to sustain his claim of exemption was originally enacted as section 21, c. 51, Laws of 1890, which read as follows:   "A policy of insurance on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of said individual, independently of his or her creditors; and an endowment policy, payable to the assured on attaining a certain age, shall be exempt from liabilities from any of his or her debts."

The Constitution, § 4, art. 21, provides:   "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws."

The provision of the Constitution quoted requires that the exemption shall be reasonable in amount.   The act of 1899 was held

by this court in Skinner v. Holt, 9 S. D. 427, 69 N. W. 595, 62 Am. St. Rep. 878, to be violative of the Constitution on the ground that a law which without limitation as to value specifies a kind of property that a debtor, solvent or insolvent, might acquire by investing therein or diverting thereto his entire estate to the exclusion of bona fide creditors was neither "wholesome" in character nor "reasonable" as to amount, and was too generous to be just. This statutory provision was reenacted as section 728 of the Civil Code of 1903, with the limitation that a policy of insurance "to the extent of five thousand dollars" was exempt, and also was changed expressly to include the avails of any life insurance not to exceed $5,000 "made payable by any mutual aid or benevolent society upon the death of a member of such society." The law was re-enacted as section 9310 of the Revised Code of 1919: "Section 9310. Policy Exempt from Debts. The proceeds of a policy of insurance, to the extent of five thousand dollars, on the life of an individual, in the absence of an agreement or assignment to the contrary, shall inure to the separate use of the husband or wife and children of such individual, independently of his creditors; and of an endowment policy, payable to the assured on attaining a certain age, to the amount of five thousand dollars shall be exempt from any of his debts, and the avails of any life insurance, or any other sum of money, not exceedng in amount five thousand dollars, made payable by any mutual aid or benevolent society upon the death of a member of such society, are not subject to the debts of the decedent."

The Code of 1903 provided that "a policy of insurance" shall be exempt, but the re-enactment of 1919 enlarged the section to include "the proceeds of a policy of insurance." The word "of" was also inserted before the word "an endowment policy." The Legislature by the re-enactment of 1919 has expressed an intention that a life insurance policy within the terms of the statute is exempt from claims of the creditors of the insured wthout reference to the amount for which it was issued if the surrender value is less than $5,000.

The construction of the statute in question was involved in Magnuson v. Wagner (C. C. A. 8th) 1 F. (2d) 99, 102, a federal bankruptcy proceeding, and the conclusion here stated was there

applied. The referee allowed an exemption upon two policies for $5,000, and refused to allow the bankrupt an exemption on account of a third policy for $20,000. The aggregate surrender value of the policies was $1,805.95, and the question presented was whether the bankrupt was entitled to an exemption of the entire surrender value or was merely entitled to an exemption of the two policies for $3,000 and $2,000 respectively. The court decreed that the three policies of insurance were exempt, and, in an opinion by Judge Sanborn, concludes: "The natural rational interpretation of the plain terms of section 9310 of the Revised Code of South Dakota 1919, the history of the legislation which produced it, the unavoidable effect of the amendment of section 728 of the Revised Codes of South Dakota 1903 by placing the words "the proceeds of' at the commencement of the section and the word 'of' before the words 'an endowment policy,' and the rule that 'all the words of a statute must have effect, rather than that part should perish by construction,' convince that the correct construction of the first clause of this section is that it exempts, not a policy of insurance on the life of an individual to the extent of $5,000, but the proceeds or surrender values to the extent of $5,000 of policies of insurance on the life of an individual from his or her debts to 'inure to the separate use of the husband or wife and children of such individual.'

If the first clause of section 9310, Rev. Code 1919, were construed merely to provide that the husband or wife and children shall take the benefits of a policy payable to them as beneficiaries at the death of the insured independently of the creditors of the insured, and possibly to include a policy payable to the husband or wife and children with no power of the insured to change the beneficiaries upon an assumption that the beneficiaries may have a vested interest, and the policy, if paid at all, must be paid to them upon the death of the insured, effect would not be given to the intent of the statute, and beneficiaries would be deprived of the protection that the law intends to secure to them. Under the terms of the policy the insured may obtain loans upon security of the policy, or surrender the policy for its cash value without the consent of the beneficiaries. The cash surrender value is an incident in most policies of insurance, and it is not probable that the Legislature intended that the exemption should be confined to the

fund realizable by death. To hold otherwise would permit the creditors of the insured to impair, if not entirely eliminate, the benefits of a policy of insurance intended for the protection of the beneficiaries by subjecting the cash surrender value in payment of debts of the insured. We consider the reasoning of the Minnesota court, in Murphy v. Casey, 150 Minn. 107, 184 N. W. 783, 784, pertinent: "While it is true that the insured may cash in his policy without regard to the wishes of the beneficiary, that reserved right, since the insurance was effected and taken out for the benefit of the latter, to give force and effect to the statute, must, as to creditors seeking to exercise it in the place and stead of the insured, be deemed and held subordinate to the rights of the beneficiary. There are no sound reasons, either in morals or in equity and good conscience, why the creditor, to the detriment of the beneficiary, should be given the right and privilege of the insured in such cases. No credit is extended to the insured on the faith of the insurance, for all persons dealing with him are bound to know the law, and that money to become due thereon, when payable to a third person, is exempt from their claims. The statute is wise in its purpose, securing as it does after the death of the insured pecuniary aid and assistance to the beneficiary, usually some one who is dependent upon the insured for support, and should not be frustrated or impaired by opening the door to those who have no just or equitable claim to the money. * * * To extend to the creditor the option to surrender the policy for the cash value would wipe out the rights of the beneficiary altogether. And to award to the creditor the insured's contingent interest, to come into life only in the event he outlived the beneficiary, would throw the whole contract relations of the parties into confusion, and prejudice and finally in all probability wholly destroy the benefit intended by the law to protect in the beneficiary. With the insured's rights turned over to the creditor he naturally would have no further interest in keeping the policy alive by the payment of premiums; while the creditor would willingly let the policy lapse for nonpayment, accepting the lapsed value in discharge of his claim."

These views are sustained by authorities construing similar statutes. 25 C. J. 74; Holden v. Stratton, 198 U. S. 202, 25 S. Ct. 656, 49 L. Ed. 1018; In re Orear (C. C. A. 8th) 189 F. 888;

In re Weick (C. C. A. 6th) 2 F. (2d) 647; In re Messinger (C. C. A. 2d) 29 F. (2d) 158, 68 A. L. R. 1205; In re Lang (D. C. Pa.) 20 F. (2d) 236; Dreyfus v. Barton, 98 Miss. 758, 54 So. 254; Dawson v. Nat. Life Ins. Co., 156 Tenn. 306, 300 S. W. 567.

Section 2661, Rev. Code 1919, as amended by chapter 148 of the Laws of 1923, provides that the proceeds of insurance payable to the estate of the insured shall be exempt from the debts of the surviving widow, husband, minor child or children. Mason v. Martin, 57 S. D. 299, 232 N. W. 29. This section exempts the avails of insurance described therein after death, and has no application in the instant case.

██ Within constitutional limitations the kind and amount of personal property that shall be exempt from the claims of creditors is a question of legislative policy. Section 4, art. 21, State Constitution, imposes the duty upon the Legislature of exempting from forced sale a reasonable amount of personal property, and of determining the kind and value of such property by law. Assuming, without so determining, that the reasonableness of the action of the Legislature, when in the exercise of its judgment and discretion it has definitely fixed the maximum amount of a particular kind of personal property that may be exempted, is not final and conclusive, but is subject to judicial review, we are of the view that the amount fixed by the provisions of section 9310, Rev. Code 1919, does not contravene the provisions of the Constitution.

█ The appellant appealed from what in effect is an order directing the surrender of the policy of insurance for its cash value, and appointing a receiver. The appellant in the trial court made a motion to vacate such order, which was denied, and has taken an appeal therefrom. This motion was for a re-examination of an issue of law, which is reviewable upon an appeal from the original order. Reference in the notice of appeal to the order refusing to vacate is surplusage, and the appeal is not rendered duplicitous. Morrison v. Connery, 54 S. D. 329, 223 N. W. 210.

The order appealed from is reversed.

All the Judges concur.