JACOBS, Appellant, v. JACOBS, Respondent

(4 N. W.2d 809.)

(File No. 8512. Opinion filed July 13, 1942.)

**Harold Bogue,** of Canton, for Appellant.
**Roy E. Willy,** of Sioux Falls, for Respondent.

ROBERTS, J. Louis Jacobs, a resident of Lincoln County, South Dakota, died intestate on November 26, 1938.

At the time of his death there were in force four policies of insurance upon his life. Two policies in the Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin, were payable to the insured's estate. A policy in the Mutual Benefit Life Insurance Co. and a policy in the Policyholders National Life Insurance Co. were payable to Maie Jacobs, wife of insured. The administrator collected the proceeds of the policies payable to the estate amounting to $3,060.35 and the proceeds of the other two policies amounting to $4,272.81 were paid to the beneficiary named in the policies.

The widow, Maie Jacobs, filed a petition with the county court asking that the administrator be directed to pay to the petitioner the proceeds of the policies that were payable to the estate. Dena Jacobs, a creditor of the estate, filed objections to the granting of the petition on the ground that the widow having received $4,272.81 was entitled only to the difference between that amount and $5,000. The county court granted the petition and Dena Jacobs appealed to the circuit court. She has appealed to this court from the judgment of the circuit court affirming the order of the county court.

This appeal involves an interpretation of SDC 31.1509 and 51.1805. The relevant portions of these sections read as follows:

"31.1509 Proceeds life, health, accident insurance exempt from debts. The proceeds of a policy of life, health, or accident insurance to the total amount of five thousand dollars only, in the absence of any agreement or assignment to the contrary, shall inure to the separate use of the insured, his surviving spouse or children, as the case may be, independently of the creditors of any of them and shall not be subject to the payment of the debts of any one or all of such persons, nothwithstanding that the proceeds may be payable directly to the insured or surviving spouse or children as the named beneficiary or beneficiaries or otherwise;
* * * ."

"51.1805 Life insurance exemption. The proceeds of any insurance upon the life of any person residing in this

state at the time of his death and who leaves a surviving widow, husband, or minor child or children, payable upon his death to his order or to the order of his assigns, estate, executor, or administrator, and not assigned to any other person, shall, to any amount not exceeding five thousand dollars, inure to the use of· such surviving widow, husband, minor child or children; and such amount shall not be subject to ·the payment of any debt of such decedent, or of such surviving widow, husband, minor child or children."

Counsel for appellant contends that from the language used in these sections it is evident that the legislature intended to impose a limitation of $5,000 upon the amount of insurance proceeds exempt from claims of creditors. The estate is insolvent and appellant seeks to have the insurance money in excess of the limitation applied to the payment of her claim.

The exemption, subject to the limitation as to amount, applies both to the debts of the insured and to the debts of persons within the protection of these provisions. We are concerned in the instant case with the claim of a creditor of the insured. Where the insurance is made payable to the insured's estate, or what is equivalent to himself, or executors, administrators, or assigns, the provisions in question designate the persons to whom the proceeds of insurance are payable. They contemplate something more than exemption, and were so interpreted in the case of In re Babcock's Estate, 64 S. D. 283, 266 N. W. 420, 424, wherein this court said: "Comparable statutes exist in many jurisdictions. See Couch, Cyclopedia of Insurance Law, vol. 2, § 330 et seq. It is undoubtedly true that these statutes are in a sense exemption statutes, and that in some respects they operate as such, as we set out at some length in Schuler v. Johnson, 1933, 61 S. D. 141, 246 N. W. 632, but it is also true that they are likewise statutes of distribution, whether the beneficiaries be deemed to take by contract or by descent."

As we have stated, two of the policies are made payable to decedent's estate. The wife alone survives and the proceeds of these policies, subject to the limitation as to amount, passed to the wife. Counsel for appellant proceeds on

the theory that the limitation of $5,000 is applicable both to proceeds payable under the terms of the statute and to a beneficiary specifically designated. The provisions of the sections in question do not purport to limit the authority of the insured to dispose of the proceeds of insurance to a named beneficiary. It cannot be doubted that if the four policies had been taken out and made payable to the respondent the proceeds would have inured to her benefit provided the rights of creditors were not affected and no fraud had been committed. She would have acquired such proceeds as any other beneficiary would have acquired them. We know of no logical ground for the conclusion that payments to her as beneficiary named in the two policies must be considered in determining what amount distributable under the statute is exempt from the claims of decedent's creditors. The statute has no application whatever to insurance payable to a beneficiary named in a policy.

We think that the trial court made a correct disposition of the case and its judgment is affirmed.

All the Judges concur.