**MILWAUKIE CONSTRUCTION CO. (Inc.), a corporation, F. H. St. Pierre and Mary St. Pierre, Appellants,**

**v.**

**GLENS FALLS INSURANCE COMPANY, a corporation, Appellee.**

**No. 21581.**

United States Court of Appeals Ninth Circuit.

Jan. 19, 1968.

See also 9 Cir., 367 F.2d 964.

J. Gary McClain (argued) of Erlandson, Morgan & McClain, Milwaukie, Or., for appellants.

Marshall C. Cheney, Jr., (argued) of Mize, Kriesien, Fewless & Cheney, Portland, Or., for appellee.

Before CHAMBERS and MERRILL, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

Pursuant to a decree of specific performance, the defendant-appellant F. H. St. Pierre was ordered on November 17, 1966, to deposit with the clerk of the district court four life insurance policies and assignments thereof to plaintiff-appellee, Glens Falls Insurance Company, and a promissory note payable to F. H. St. Pierre endorsed to the order of Glens Falls Insurance Company. By order entered November 22, 1966, Glens Falls was authorized to withdraw the policies, assignments and promissory note. The defendants appealed from these orders.

Appellee had issued performance and payment bonds to appellant Milwaukie Construction Co. (Inc.) for the construction of public buildings. As a condition to the issuance of the bond appellee required appellants to execute a contract of indemnity. The contract of indemnity provided " * * * that if the surety (appellee) shall set up a reserve to cover any claim, suit, or judgment under any such bond, the indemnitors will immediately upon demand, deposit with the surety a sum of money or acceptable security equal to such reserve."

Milwaukie Construction defaulted and various claims were made against the appellee, Glens Falls. Appellee in turn sued appellants for specific performance of the indemnity contract. Specific performance was decreed and this court affirmed. 367 F.2d 964.

Pursuant to the November 17, 1966, order F. H. St. Pierre deposited four policies insuring the life of F. H. St. Pierre and naming Mary St. Pierre, his wife, as beneficiary, together with assignments to Glens Falls Insurance Company, and a promissory note executed by Edmond St. Pierre, payable to F. H. St. Pierre, and endorsed by him to Glens Falls Insurance Company. These instruments were withdrawn by appellee pursuant to the November 22, 1966, order.

Appellants contend that the orders are contrary to the public policy of Oregon in that (1) they would enforce a money judgment through contempt proceedings; and (2) they compel delivery of insurance policies which are exempt from execution.[1]

In support of their first contention, appellants rely upon the following statutes of Oregon relating to contempt proceedings:

"ORS 23.020(2) The court or judge thereof may enforce an order or decree in a suit by punishing the party refusing or neglecting to comply therewith, as 'for a contempt. (3) Subsection (2) of this section does not apply to an order or decree for the payment of money, except orders and decrees for the payment of suit money, alimony, and money for the support, maintenance, nurture, education, or attorney's fees pendente lite or by final decree, * * *.';

"ORS 33.010(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court: * * * (e) disobedience of any lawful judgment, decree, order or process of the court, except as provided in ORS 23.020. * * *"

Appellants cite one case, Rostel v. Morat, 1890, 19 Or. 181, 23 P. 900, in which it was held that a "decree for the payment of money" in a probate proceeding can be enforced only by exe-

cution, and the party not paying the money cannot be punished for contempt.

■ The decree entered by the trial court and affirmed by this court was one for specific performance. Under this decree appellants were required to "specifically perform the contract of indemnity * * * by depositing with plaintiff forthwith cash or collateral security acceptable to plaintiff in the sum of $83,000.00". The subsequent orders are not "decrees for the payment of money". Rather they direct the delivery of specified items admittedly within the control of appellants. Any contempt proceedings which might be instituted for failure to comply with the decree of specific performance and subsequent orders would not constitute contempt for failure to pay a money judgment.

We find no merit in appellants' first contention.

The cash surrender values of insurance policies are exempt from execution under ORS 739.405(3), which provides: "* * * (3) A policy of life insurance payable to a beneficiary other than the estate of the insured, having by its terms a cash surrender value to the insured is exempt from execution issued from any court in this state and in the event of bankruptcy of such insured is exempt from all demands in legal proceedings under such bankruptcy."

The only Oregon case construing this statute cited by either party is Jansen v. Tyler, 1935, 151 Or. 268, 47 P.2d 969, 976, 49 P.2d 372, 373. In that case funds which had been misappropriated by the deceased were used to pay premiums on life insurance policies payable to his wife and daughter. The court held that the exemption statute is applicable only "where a policy of insurance is effected by any person * * * with his own funds and not with the funds of another to which he is not entitled". 47 P.2d at 976. The creditor

---

[1]. As far as shown by the record, the second contention was not raised in the district court. This court accordingly does not have the benefit of the opinion of the trial judge on applicable Oregon law.

was entitled to recover "such proportion of total insurance as the amount of premiums paid with misappropriated funds bore to total amount of premiums paid". 49 P.2d at 372.

There is no evidence in this case that any of the premiums were paid with funds which did not belong to the insured.

 Many states have statutes exempting the proceeds and cash surrender values of insurance policies from execution. Their purpose is to protect the debtor's dependents by giving them a preferred status over his creditors. Such a statute should be given a liberal construction to effectuate its purpose. Fox v. Schwarz, 1952, 235 Minn. 337, 51 N.W.2d 80, 30 A.L.R.2d 739.[2]

The policies here were not pledged as security; nor were they obtained in connection with the extension of any credit. All were issued prior to the indemnity agreement.[3] Even though appellee may have been aware of the existence of the policies, it could not rely on the availability of the cash surrender values in view of the exemption statute.[4] "A creditor cannot compel the surrender of a policy nor levy upon its cash surrender value where the insured has not exercised such privilege, though having the power to do so. * * *" 22 Appleman Insurance Law and Practice 615, § 14582.

The term "execution" as used in the execution and exemption statutes is broad enough to include an order directing delivery of the insurance policies pursuant to the decree of specific per-

formance.[5] An order compelling delivery of the policies has the same effect as a writ of execution on a money judgment and would defeat the purpose of the exemption statute.

The orders are affirmed as to the promissory note and reversed as to the insurance policies; and appellee is directed to return the policies to the appellant F. H. St. Pierre.

2. See also Holden v. Stratton, 198 U.S. 202, 25 S.Ct. 656, 49 L.Ed. 1018; Harriman Nat. Bank v. Huiet, 4 Cir. 1917, 249 F. 856; In re Beckman, N.D.Ala. 1943, 50 F.Supp. 339; Schuler v. Johnson, 1933, 61 S.D. 141, 246 N.W. 632; 22 Am.Jur. 61, 65 Exemptions §§ 72, 75; 22 Appleman Insurance Law and Practice, 613 ff. §§ 14581, 14582.

3. The policies were issued respectively on August 18, 1946, December 10, 1951, March 1, 1954, and March 1, 1962. The

contract of indemnity was executed on September 25, 1963.

4. As the court said in Murphy v. Casey, 1921, 150 Minn. 107, 184 N.W. 783, 784, "No credit is extended to the insured on the faith of the insurance, for all persons dealing with him are bound to know the law, and that money to become due thereon, when payable to a third person, is exempt from their claims."

5. See ORS 23.010, 23.020(1); 33 C.J.S. 133, 134, Exemptions § 1.