DECISION
Defendant David Silverman ("Silverman") comes before the Court to seek the exemption of his life insurance policy from a writ of attachment served by plaintiff and judgment creditor, Rhode Island Hospital Trust National Bank ("RIHT"). Plaintiff seeks to attach the proceeds and the cash surrender value of the policy to satisfy defendant's debts. Defendant argues that his life insurance policy, including its cash surrender value, is exempt from the claims of his creditors by virtue of R.I.G.L. § 27-4-11.
 FACTS
Silverman is the current owner and insured of life insurance policy number C3589865 issued by the Massachusetts Mutual Life Insurance Company ("Mass. Mutual"). The policy's sole beneficiary is Silverman's wife, Judith M. Silverman. As owner of the policy, Silverman has the right to obtain a loan against the policy or to surrender the policy to Mass. Mutual and obtain the cash surrender value. He may also change the policy's beneficiary.
On June 29, 2001, RIHT served a writ of attachment upon Mass. Mutual seeking to attach Silverman's life insurance policy. At the time of service, Silverman had neither applied for a loan against the policy nor had he surrendered the policy to Mass. Mutual for the cash surrender value. On July 5, 2001, Silverman, through his attorney, filed a timely objection to the writ of attachment, claiming that the life insurance policy, including the cash surrender value, was exempt from attachment pursuant to R.I.G.L. § 27-4-11, and that the policy's cash surrender value was not subject to attachment by his creditors. A hearing on this objection was held on July 24, 2001 at which time RIHT argued that the cash surrender value of defendant's life insurance policy was subject to the writ.
 ANALYSIS
The Rhode Island Supreme Court has frequently articulated the rules of statutory construction. "In construing statutes, this Court `adheres to the basic proposition of establishing and effectuating the intent of the Legislature[, . . . which] is accomplished from an examination of the language, nature, and object of the statute.'" State v. Pelz, 765 A.2d 824, 829-30 (R.I. 2001) (quoting Howard Union of Teachers v. State,478 A.2d 563, 565 (R.I. 1984)). "If the language of a statute is clear on its face, then its plain meaning must generally be given effect." Skaling v. Aetna Insurance Co., 742 A.2d 282, 290 (R.I. 1999) (citing Gilbane Co. v. Poulas, 576 A.2d 1195, 1196 (R.I. 1990)). However, "it is a well-known maxim of statutory interpretation that this Court `will not construe a statute to reach an absurd [or unintended] result.'" Hargreaves v. Jack, 750 A.2d 430, 435 (R.I. 2000) (quoting Kaya v. Partington, 681 A.2d 256, 261 (R.I. 1996)).
The plain meaning of Rhode Island General Laws § 27-4-11 clearly evidences that its purpose is to protect the insured by exempting the proceeds and avails of life insurance policies from the claims of creditors. It states:
 "[i]f a policy of insurance, . . ., is effected by any person on that person's own life or on another life in favor of a person other than himself or herself, . . . the lawful beneficiary . . ., shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the insurance, . . .; provided that, subject to the statute of limitations, the amount of any premiums for that insurance paid with intent to defraud creditors, with interest thereon, shall ensure to their benefit from the proceeds of the policy. . . ." R.I.G.L. § 27-4-11.
This statute protects two groups interested in the proceeds and avails of an insurance policy: the insured's beneficiaries and creditors. The interests of beneficiaries of the insurance policy are protected by exempting the policy from the reach of creditors. The creditors of the insured are protected by a limited exception to that exemption in cases where the insured transfers money to his or her insurance policy to keep that money out of the creditor's reach. Because RIHT does not assert that Silverman engaged in any fraudulent transfers relating to the insurance policy, this Court will deal only with the interest of the beneficiaries against creditors and not the limited exception to the exemption for premiums paid in fraud of creditors.
Silverman argues that the cash surrender value of his policy for the benefit of his wife should be exempted from the reach of his creditors under R.I.G.L. § 27-4-11 because the cash surrender value is part of the "proceeds and avails" of the policy which are exempt absent fraud. In his memorandum, defendant acknowledges that R.I.G.L. § 27-4-11 does not specifically include cash surrender value in its definition of "proceeds and avails," and the Rhode Island Supreme Court has not decided any cases on point. However, Silverman does cite to several other jurisdictions which have interpreted exemption statutes similar to the Rhode Island statute.[1] This Court looks to these interpretations for guidance and finds persuasive their conclusion that, as referenced in § 27-4-11, "proceeds and avails" does include the cash surrender value of the policy.
RIHT argues that Silverman's insurance policy, including the cash surrender value, is subject to its writ of attachment in satisfaction of his debts. This argument was rejected by the Supreme Court of Minnesota in Murphy v. Casey, 150 Minn. 107, 184 N.W. 783 (1921). The court concluded that neither the cash surrender option nor the contingent rights of the insured were available to the judgment creditor, stating, "[t]o grant the relief on either ground asserted by plaintiff would in our view of the matter wholly destroy the intent of the statute and deprive beneficiaries in such cases of the protection the Legislature intended to secure them." Id. at 109. Furthermore, "[t]here are no sound reasons, either in morals or in equity and good conscience, why the creditor, to the detriment of the beneficiary, should be given the right and privilege of the insured in such cases." Id. at 109-110.
Other jurisdictions interpreting statutes with an unlimited exemption similar to R.I.G.L. § 27-4-11 have concluded that the "proceeds and avails" of an insurance policy includes the cash surrender value. As in Minnesota, the Legislature in Rhode Island has balanced the entitlement of beneficiaries of life insurance policies against the creditors of the insured by exempting their rights in the "proceeds and avails" of the policy. To hold otherwise would defeat the purposes of the exemption provided in R.I.G.L. § 27-4-11 by destroying the rights of the beneficiary which the statute was enacted to protect.
In his motion, Silverman also argues that the cash surrender value of his insurance policy is not subject to attachment or garnishment. He relies on a Washington Supreme Court case which states that "[t]he rule is well established in this country that the cash surrender value of insurance policies cannot be reached by garnishment." Pick v. Pick,54 Wn.2d 772, 774, 345 P.2d 181 (1959).[2] The Pick court found that "where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings. . . ." Id. Thus, where an insured has not requested from the insurer the cash value of his policy, "there is no such present fixed liability or existing indebtedness on the part of the insurer to the insured as is requisite to the maintenance of garnishment." Id. Therefore, the unexercised cash surrender value of a life insurance policy is not subject to garnishment or attachment in satisfaction of the claims of the insured's creditors.
Silverman never surrendered his insurance policy to Mass. Mutual in order to obtain the cash value. As a result, Mass. Mutual owes no debt or liability to Silverman for RIHT to attach or garnish. "[I]n the absence of the exercise by the insured of his option to take the cash surrender value of a policy which has not matured, his right in that regard is not subject to the claims of his creditors." Fidelity Coal Co. v. Diamond,322 Ill. App. 229, 238, 54 N.E.2d 240, 243-44 (Ill.App.2nd Div. 1944). See also United States v. Massachusetts Mutual Life Ins. Co., 127 F.2d 880
(1st Cir. 1942) (insured did not accept the cash surrender value of his policy, so insurance policy could not be levied by the IRS; insurance company did not have rights to property of the insured.); United States v. Penn Mutual Life Ins. Co., 130 F.2d 495, 497 (3rd Cir. 1942) (followed decision in Mass. Mutual, finding that "the insurer is powerless to exercise his [cash surrender value] option"); Safeco Insurance Co. v. Skeen, 47 Wn. App. 196, 201, 734 P.2d 41 (1987) ("a court has no authority to compel an insured to exercise an option to surrender a policy for the benefit of the insured's creditors.") Therefore, because Silverman has not exercised his option to take the cash surrender value, and because this Court cannot compel him to exercise that option in favor of his creditors, his insurance policy benefits are not subject to the claims of his creditors. Thus, this Court orders that the writ of attachment served by RIHT be dissolved.
 CONCLUSION
Based on this Court's "examination of the language, nature, and object of the statute" and a survey of the case law in other jurisdictions with a similar statutory scheme relating to insurance policies, the "proceeds and avails" of a life insurance policy includes the cash surrender value of the policy and § 27-4-11 exempts the "proceeds and avails" in favor of the beneficiary of the policy and against the creditors of the insured. Furthermore, because Silverman did not exercise his option to obtain the cash surrender value of the policy, it is not subject to attachment or execution by his creditors. As a result of the foregoing, the writ of attachment served by RIHT on Mass. Mutual against the cash surrender value of the life insurance policy of Silverman is dissolved.
Counsel shall confer and submit to the Court forthwith an agreed-upon form of order and judgment that is reflective of this decision.
[1] See Turner v. Boyce, 92 F.2d 791 (9th Cir. 1937) (In interpreting an exemption statute similar to Rhode Island's, the court concluded that the cash surrender value was included in "proceeds and avails."); Pearl v. Goldberg, 300 F.2d 610, 612 (2nd Cir. 1962) (finding that the "proceeds" of a life insurance policy included the cash surrender value of the policy which should be protected from the creditors of the insured.); National Equity Life Insurance Co. v. Eicher, et al.,633 So.2d 1351, 1355 (1994) (even though the exemption statute did not specifically include the cash surrender value of the insurance policy in its definition of "proceeds and avails," "the jurisprudence generally held that cash surrender values constituted `proceeds and avails' of a life insurance policy. . . ."); Slurzberg, et al. v. Prudential Ins. Co. of America, 15 N.J. Misc. 423, 192 A. 451 (N.J. 1936) ("proceeds and avails" as used in the New Jersey exemption statute included the cash surrender value); Fox v. Swartz, et al., 235 Minn. 337, 51 N.W.2d 80
(1952).
[2] Silverman cites to cases of child support and alimony in his memorandum in support of this motion wherein the cash surrender value of a life insurance policy has been attached. This Court agrees that those creditors, unlike RIHT in this case, "stand in a special class outside that of a general creditor." Hirko v. Hirko, 116 N.J. Super. 111, 113 (N.J.Super. Ch. Div. 1979) (alimony); See also Aetna Life Ins. Co. v. Bunt, 110 Wn.2d 368, 754 P.2d 993 (1998) (child support arrearages).